## The President, Directors, and Company of the BANK OF AUBURN *against* WEED and AIKEN.

Any matter of defence, which denies what the plaintiff is bound to prove, in the first instance, on the general issue, or be nonsuited, ought not to be pleaded specially.

In a suit by a corporation, the plea of *nul tiel corporation*, is bad, on special demurrer, as amounting to the general issue.

THIS was an action of *assumpsit*. The declaration contained two counts: the first count was against the defendants, as endorsers of a promissory note, dated the 7th of *February*, 1820, made by *E. Throop*, for 12,385 dollars, payable sixty-three days after date, to the defendants, or their order, and endorsed by them. The second count was for money lent, money paid, &c. and money had and received to the use of the plaintiffs. The defendants pleaded: 1. *Non-assumpsit*; 2. In bar, that the President, Directors, and Company of the *Bank of Auburn* are not a body politic or corporate, and have not right, by the laws of the land, to sue as such; with a verification. There was a special demurrer to the second plea, because the plea amounted to the general issue, and, therefore, ought to have been pleaded specially.

*Davis*, in support of the demurrer, said, that this was the first time this question had come before this Court; and he believed no case could be found since the 22 *Edward* IV. 34. (1482) in which it had been decided that this was a good plea in bar. Sergeant *Williams*, it is true, in a note to 1 *Saund.* 340. *a. b.* n. 2. says, the defendant can only plead *nul tiel corporation* in *bar* to an action by a corporation, and he cites the *Year Book*, 22 *Edw.* IV. 34. and *Bro.* 73. *Misnomer. Bro.* 402. *Brief.* In *Norris* v. *Staps,* (*Hob.* 211. 14 *Jac.* I.) and in *Henriques* v. *The Dutch West India Company*, (2 *Ld. Raym.* 1532. 1535.) it was held, that where the general issue is pleaded, the plaintiffs must

prove that they are a corporation. (1 *Kyd on Corp.* 292.) In *Jackson, ex dem. The Union Academy*, v. *Plumbe*, (8 *Johns. Rep.* 378.) this Court considered it as settled, that where a corporation sues on a contract, or in ejectment, they must, under the general issue, prove that they are a corporation. Now, if the plaintiff is bound to prove any fact, affirmatively, at the trial, any matter of defence which goes to a denial of that fact, must be given in evidence under the general issue; (1 *Chitty's Pl.* 497, 498, ;) and if it is pleaded *specially*, *Chitty* says, it is good cause of demurrer, as amounting to the general issue. In the case of *Kennedy* v. *Strong*, (10 *Johns. Rep.* 289.) this principle was fully recognised by this Court, and is decisive of the present question.

*Lynch* and *Butler*, contra. In the late case of the *Bank of Auburn* v. *Aiken and Weed*, (18 *Johns. Rep.* 137.) the defendants pleaded that the plaintiffs were not a corporation, and the court admitted the right of the defendants to plead such a plea in bar; and it has been recognised ever since the 22 *Edw.* IV. as a good plea. (1 *Saund.* 340. b.) *Chitty* (*Pl.* 474.) says, the defendant is at *liberty* to plead any matter which does not amount to the general issue, and which admits, that in fact a contract was made; but insists, that it was void, or voidable, or matter that goes in *discharge* of the action. Thus, the defendant may plead specially that the plaintiff is an *alien* enemy, or he may give it in evidence under the general issue. Now, although it may be thought better, that the objection should be made under the general issue, yet it is nowhere decided, that the defendant may not, if he thinks proper, plead it specially.

*Cady*, in reply. Such a plea as this, though it may be found in the *ancient* history of the law, has not been put in, for more than three hundred years; and the rule has been long and well established, that any matter of defence which denies what the plaintiff, on the general issue, would be bound to prove, ought to be given in evidence under the general issue. (1 *Chitty on Pl.* 467. 497.) The

Margin note:

ALBANY,
January, 1822.

BANK OF AUBURN
v.
WEED.

act underwhich the plaintiffs were incorporated, being a public law, it was not necessary for them to aver in their declaration, that they were a corporation; though on the general issue, they must prove that fact, at the trial. (*Dutchess Manufacturing Co.* v. *Davis*, 14 *Johns. Rep.* 238.) The defendant ought not to be allowed to plead specially, what the plaintiff must prove at the trial, or be nonsuited. It is not pleading a fact by way of defence, which the defendant must prove, but a mere negation of a fact which the plaintiff must prove. 10 *Johns. Rep.* 289. 7 *Term Rep.* 396. 8 *Cranch* 30.

SPENCER, Ch. J. delivered the opinion of the Court. This case was before us on a former occasion, on a motion to set aside an inquest. To this plea the plaintiffs had replied, that the plaintiffs were a body politic and corporate, and have a right to sue; the defendants demurred to the replication. The plaintiffs, not regarding the demurrer, took an inquest; and we set aside the inquest, on the ground, that we could not say that the defendants had no right to plead such a plea. We held the replication to be bad; and therefore the demurrer was not frivolous, or for delay; and we granted the motion, giving the plaintiffs leave to amend the replication. The question now argued, was then incidentally touched on, but the motion was decided on the point of practice; and the Court did not examine the question now presented.

This is the test whether a plea in bar is bad as amounting to the general issue: Any matter of defence, which denies what the plaintiff, on the general issue, would be bound to prove, *may*, and *ought* to be given in evidence, under the general issue; and a plea setting up, negatively, such facts, is bad on special demurrer: But any ground of defence which admits the facts alleged in the declaration, but avoids the action, by matter which the plaintiff would not be bound to prove or dispute, in the first instance, on the general issue, may be specially pleaded. (1 *Chitty*, 497. 1 *Tidd's Pr.* 599, 600.) Where the defence consists of matter of fact, and the general issue may, it ought to be pleaded, it being, in such case, a good cause of

demurrer, that the plea amounts to the general issue. In *Hussey* v. *Jacob*, (1 *Lord Raym.* 87.) the Court allowed the statute of gaming to be pleaded, in an action on a bill of exchange; but the case is within the distinction already mentioned.

It has been decided, (8 *Johns. Rep.* 378. 14 *Johns. Rep.* 244. *Hob.* 211., *and* 2 *Lord Raym.* 1525.) that the plaintiffs are bound to prove, as part of their title, that they are a corporation. This plea, then, is expressly against the rule; for the defendants attempt to put in issue, by a special plea, part of the plaintiffs' title to recover, and a fact which the plaintiffs must prove, in the first instance.

There is no doubt, that anciently, it was admissible to plead *nul tiel corporation* in bar. *Kyd,* (*on Corp.* p. 284.) recognizes that such was the practice, and he refers to 44 *Assizes,* pl. 9. and *Bro. Corp.* 44. In 1 *Saund.* 340. *b.* n. 2. the same thing is spoken of, and the same cases are referred to.

The language of this Court, in *Kennedy* v. *Strong,* (10 *Johns. Rep.* 291.) is quite applicable here. In that case, there was a special plea, in an action of trover, and we held the plea to be bad, on a special demurrer, as it amounted to the general issue. It was observed that, "though the old books contain numerous precedents of special pleas in trover, they are deservedly discountenanced in modern times, as leading to unnecessary expense and troublesome prolixity."

Though there are precedents of the plea, "of no corporation," yet it is opposed to the principles of good pleading in modern times, and ought not to be allowed.

Judgment for the plaintiffs.