1822.

HAVILAND
v.
MYERS.

---

HAVILAND <em>against</em> MYERS.

The *wife's equity* to a suitable provision for the maintenance of herself and children, out of her separate real and personal estate, descended or devised to her during coverture, will prevail, and be protected, not only against the husband, but against his assignee, and against any *sale* made, or *lien* created by him, for a valuable consideration, or in payment of a just debt; and on a bill filed by the wife against a creditor of the husband, an *injunction* was granted to prevent him from selling her property, so descended, under an execution issued on a judgment confessed by the husband for a *bona fide* debt.

THE bill stated, that the plaintiff, as the wife of *Elijah Haviland*, filed her bill on the 27th of *May*, 1816, for a divorce, and charged the defendant to that bill with adultery, and cruel usage, and the abandonment of her; that he finally abandoned her, and her two children by him, in 1804, and left the *United States*, but returned in 1816. That in that interval of time, she presumed that he was dead, and married again. That in 1814, her father, *Samuel Turner*, died intestate, leaving a real and personal

*Jan.* 15th.

estate, to the one *sixth* of which she was entitled, as heir, and which *sixth* part she estimated at about 2,500 dollars. That her husband had instituted ejectment suits to recover the real property so descended to her as heir, and was seeking to recover her personal property so descended. That he was worth nothing, and was intemperate and adulterous, and that she, and her two infant children by him, had nothing but the property so descended. That the bill was taken *pro confesso*, and a divorce for life *a mensa et thoro*, decreed, on the proof of cruel usage and abandonment; and it was decreed, that she should hold and enjoy all the estate real and personal so descended to her, and have the custody of her two children, and that her husband be perpetually enjoined from any action to recover the estate. The bill further stated, that the defendant set up a judgment confessed by her husband as a *lien* upon that estate, and had issued an execution at law, and levied upon the lands so descended. *Prayer*, for an injunction, &c.

The answer of the defendant stated a judgment confessed by the husband to him, on the 26th of *April*, 1816, founded on a fair and valuable consideration, being a debt contracted before *Haviland* left the state in 1804, and before his separation from his wife, and arising from advances which enured to the benefit of *Haviland*, his wife and children. That he had issued an execution thereon in 1818; and he insisted on his right to levy that judgment debt on the property so descended to the plaintiff in 1814.

Motion to dissolve the injunction upon the coming in of the answer.

*Street*, for the motion.

*J. Tallmadge*, contra.

THE CHANCELLOR denied the motion, and ordered the

injunction to be continued to the hearing. The rule, he said, was settled by the cases referred to in the opinion delivered by this Court in *Kenney* v. *Udall,* (5 *Johns. Ch. Rep.* 464.) and by the recognition in that opinion of the doctrine of those cases, that the wife's equity to a suitable provision for the maintenance of herself and her children, out of her separate real and personal estate, descended or devised to her during coverture, was well established, and would prevail equally against the husband or his assignee, and against any sale made, or lien created by him, even for a valuable consideration, or in payment of a just debt. It was immaterial whether the suit, in protection of that equity, be instituted by the wife, or by any other person on her behalf. It might be instituted, as in this case, by the wife against a creditor at law, to restrain him from touching the property, and the equity might be extended, if the circumstances of the case should require it, to *the whole* of the real and personal estate so devised or descended to the wife.

Motion denied.