NEW YORK,
May, 1824.

Bank of Utica
v.
Smalley.

THE PRESIDENT AND DIRECTORS OF THE BANK OF UTI-
CA *against* SMALLEY & BARNARD.

S. P. as to
usury, custom,
discount, &c.
A transfer of
bank stock is
valid as be-
tween the ven-
dor and ven-
dee, tho' the
act of incor-
poration pro-
vide that no
such transfer
shall be valid
or effectual till
registered in a
book to be
kept by the
bank for that
purpose, and
the debts due
from the ven-
dor to the
bank, &c. shall
be first paid.
This clause
in bank char-
ters is intend-
ed merely for
the protection
of the bank;
i. e. to give
them a lien on
the stockhold-
er for what he
owes the bank,
and enable
them to ascer-
tain the per-
sons to whom
dividends are
due.

ASSUMPSIT brought to recover of the defendants, as en-
dorsers, the amount of a promissory note made by one Morse,
tried at the Oneidia circuit, the 27th day of May, 1822, be-
fore his honor the (the late) Chief Justice Spencer.

The plaintiffs proved the execution of the note by the ma-
ker, and the endorsement of the defendants. The note was
as follows: "$1200. Ninety days after date, I promise to
pay to the order of Sylvanus Smalley and Pardon Barnard,
at the bank of Utica, twelve hundred dollars, value receiv-
ed. Lenox, Nov. 16th, 1820.

         *Harvey G. Morse.*"

Endorsed—"*P. Barnard,*
    *S. Smalley.*"

Thomas Calling, a witness called on the part of the plain-
tiffs, after being sworn in chief, was inquired of by the coun-
sel for the defendants, whether he was a stockholder in the
bank of Utica ? to which he answered, that he was to the
amount of 4000 dollars and upwards. The counsel for the
defendants then objected to the competency of the witness,
and his honor the Chief Justice sustained the objection.
The witness then immediately made a transfer of his stock
to Nathan Williams, Esq., the plaintiff's counsel, and was
then offered as a witness, and objected to by the counsel
for the defendants, on the ground that by the 6th section
of the act to incorporate the stockholders of the bank of Uti-

Till registry, therefore, *it seems*, they would be protected in a payment of dividends to the
person in whose name the stock stands upon the bank books, without regard to any secret
transfer.

One who has assigned his stock is a competent witness for the bank having this clause in
its charter, without registry, or showing that he has paid, or is not indebted to the bank.

A corporation must prove its existence upon the general issue.

Whether the misnomer of a corporation, who is plaintiff, must be pleaded in abatement,
or may be taken advantage of upon the general issue? *Quære.*

In a suit by a corporation, the declaration need not set forth, by averment how they were
incorporated.

ca, it is enacted that no transfer of stock shall be valid or effectual, until such transfer shall be registered in a book or books to be kept for that purpose by the directors, and unless the person making the same shall previously discharge all debts due by him or her to the said corporation, which exceed in amount the residuary stock of such person; and that inasmuch as there was no registry of the transfer in this case, and no evidence of the previous discharge of all debts owing by the witness to the corporation although no debts were proved to be due from the witness to the bank, such transfer was not valid or effectual, and did not, therefore, restore the competency of the witness. But his honor the Chief Justice overruled the objection and admitted the evidence. He then testified, that when the note fell due it was regularly demanded, protested for non-payment, and notice given to the defendants. The cause was here rested on the part of the plaintiffs, and the defendants objected to any recovery on the ground that the plaintiffs had not proved that they were a corporation, and insisted that they were bound to prove the statute creating them such. His honor the Chief Justice overruled the objection.

The defendant's counsel then objected to any recovery on the ground, that by the statute creating the company, they were incorporated by the name of " the President, Directors *and Company* of the Bank of Utica;" whereas the suit was in the name of " the President and Directors of the Bank of Utica." This objection was also overruled.

Colling then testified, that the note in question was the last of a series of accommodation notes, discounted at the bank of Utica, for Morse, the maker. The following abstract of this witness' evidence, as detailed in the case, will exhibit the particulars in relation to the notes, with the sums received as discount, and the result of the two different modes of calculating discount, which were examined in the next preceding case. The bank cast the discount on these notes on the same principle as upon the notes mentioned in that case.

*Time the several notes run.*

*First note,* $1500—dated 16th Nov. 1819.

|          | In Nov. | 14 days. |
|          | Dec.    | 31 do.   |
|          | Jan.    | 31 do.   |
|          | Feb.    | 15 do.   |

91 days.  Discount taken, $27 12

Interest for 93 days, $26 76—91 do. $26 18.

*Second note,* $1500—dated 15th Feb. 1820.

|          | In Feb.  | 14 days. |
|          | March,   | 31 do.   |
|          | April,   | 30 do.   |
|          | May,     | 16 do.   |

91 days.   Discount taken, 27 12

*Third note,* $1500—dated 16th May, 1820.

|          | In May,  | 15 days. |
|          | June,    | 30 do.   |
|          | July,    | 31 do.   |
|          | Aug.     | 15 do.   |

91 days.  Discount taken, 27 12

*Fourth note,* $1300—dated 15th Aug. 1820.

|          | In Aug.  | 16 days. |
|          | Sept.    | 30 do.   |
|          | Oct.     | 31 do.   |
|          | Nov.     | 15 do.   |

92 days.  Discount taken, 23 51

Interest for 93 days, $23 19—for 92 do. $22 94.

*Fifth note,* $1200—dated 15th Nov. 1820.

Int. 93 days, $21 41.                Discount taken, 21 70

In other respects, the testimony in this, was substantially the same as in the next preceding case.

Verdict for the plaintiffs, for $1324 60, subject to the opinion of the Court, on all the questions in the cause.

The same questions were raised in this as in the last case with the following additional points:

1. Whether Colling was a competent witness.

2. Whether the plaintiffs were bound to prove themselves a corporation.

3. Whether the defendants could object the misnomer of the plaintiffs at the trial.

*H. R. Storrs*, for the plaintiffs, said that the 6th section of the act incorporating the plaintiffs, which is recited in the case, was introduced merely for the protection of the bank against secret sales of stock, by a stockholder who stands indebted to the bank ; but as between him and the purchaser all his interest passes without a registry. The validity of the transfer might have been drawn in question between the bank and the purchaser, provided Colling had owed the former, but this did not appear. At any rate, all C.'s interest was vested in Mr. Williams, and if C. owed the bank, the right to the stock would have been vested in Mr. W. on his paying the debt. It is enough that all C.'s interest was gone, as between him and the purchaser.

The act of incorporation declares itself to be a public statute. The Court are bound to notice it *ex officio*, without proof *aliunde* that the plaintiffs were a corporation.

*The Mayor and Burgesses of Stafford* v. *Bolton*, (1 B. & P. 40,) settles the question of misnomer. That case decides that it should have been pleaded in abatement. Chitty on Pleadings, (vol. 1, p. 40,) treats this question as settled, and cites the cases. *Gardner* v. *Walker*, (3 Anstr. 935, S. P.) as to the misnomer of a natural person. *Gilbert* v. *The Nantucket Bank*, (5 Mass. Rep. 97,) was this case precisely, only the parties were inverted, and the misnomer was holden matter in abatement. He also cited Vin. Abr. tit. Corporations (*x*), and the cases there collected.

*J. A. Spencer*, contra. The statute is too plain to admit of construction. No transfer of stock is valid till certain terms are complied with. The debts of the stockholder must first be paid to the bank, and the transfer be registered. The Court will not strain the point, to make one, who is really the plaintiff in the cause, a competent witness. It is plain

NEW YORK, that the transfer was a mere sham. No consideration was
May, 1824. paid. Suppose Mr. Williams did take the stock, subject to
Bank of Utica the debts of Colling : for aught that appears, he (C.) was
v. indebted to its full amount ; and he would still be interested
Smalley. in having the stock applied to the payment, Mr. Williams
being a mere trustee for that purpose.

[WOODWORTH, J. No indebtedness appears in the case.
Did it not lie with you to show affirmatively that he was in-
debted ?]

*Spencer.* We suppose not ; but that it lay with the other
side to show that he was not indebted. His being clear of
debt is a condition precedent, by the statute, and should be
strictly complied with ; especially as the transfer was for the
mere purpose of making the party a witness.

But the plaintiffs have not proved themselves to be a cor-
poration. This was necessary beyond all doubt. (*Jackson*
v. *Plumb*, 8 John. 378, and the cases there cited. *Bank of
Auburn* v. *Aiken*, 19 John. 300.) That the charter is a pub-
lic act, makes no difference. This, *per se*, is not enough. If
it be, the decision in the *Bank of Auburn* v. *Aiken* is not
law. *Nul tiel corporation* was there holden a bad plea, be-
cause it amounted to the general issue, and the party was
put to plead the latter. Both the charters of the Auburn
and Utica banks are declared public acts, and if the acts not
only prove themselves, but the existence of the banks also
it would be nonsense to say that the general issue involves
the question of corporation or no corporation. The plain-
tiffs must show a compliance with the terms of this public
act, before they can claim to be recognized as a plaintiff.
This is matter *in pais.*

Again : here is a material variance from the name given
by the charter. They must sue by their corporate name.
By this only are they known. In *Gilbert* v. *The Nantuck-
et Bank,* the corporation were defendants, and we agree that
a defendant must always plead a misnomer of himself. But
it is otherwise where a corporation is plaintiff, and misnames
itself. (Vin. Abr. Corporations, (E), and the cases there ci-
ted.) Suppose the plaintiffs had called themselves Presiden₄

alone, or Directors alone. If one part of the description may be omitted, another may ; a defendant may be entrapped by a suit in favor of a name which he never heard of ; and entirely misled both as to the form and merits of his defence. The plaintiffs here might just as well have sued in the names of one of the directors, or any twelve men which they may select. The *Mayor & Burgesses of Stafford* v. *Bolton*, is distinguishable. The plaintiffs there were incorporated by the name of the Mayor and Burgesses of the Borough of Stafford, *in the county of Stafford*, and sued by the name of *The Mayor & Burgesses of the Borough of Stafford*. The Court held the words, " the county of Stafford," to be mere matter of addition or local description ; as if this bank had been incorporated by the name and addition of the President, Directors and Company of the Bank of Utica, *in the county of Oneida*, and the words relating to the county had been omitted. Buller, J. in that case says, that " the argument of locality will not here decide the question. The name in the declaration imports locality ; as the plaintiffs state themselves to be the *Mayor & Burgesses of the Borough of Stafford*, only omitting, " in the county of Stafford." This brings the case within the distinction laid down in *Kings* v. *Lynne ; for there is a difference in omitting matter of substance, and mere matter of addition.*" Here is an omission of matter of substance. The plaintiffs have a substantive corporate style. The first section of the charter declares them a corporation by a certain name and style. Had we pleaded in abatement, we should have been told, it must be in bar, within the case of the *Auburn Bank* v. *Aiken*.

*Storrs*, in reply. The language of the case is a sufficient answer to the objection, that there was no consideration for the sale of the witness' stock. It states that he *made a transfer*, which phrase imports a consideration, and every thing necessary to pass the property. It is now too late to object that this was all a fallacy. The only ground taken at the trial was, the want of a registry. The test of C.'s interest was whether he would gain or loose by the event of the suit. When that inquiry is answered in the negative, the compe-

tency of a witness is complete. The witness in this case, should be enabled to say that he could receive no increased profit by the dividend, in consequence of a recovery, or lose any profit by the bank being thrown in the costs. The words, *valid and effectual*, are supposed to relate to the contract of transfer between C. and W. but the rights of the latter are perfect at common law, without the registry. The provision in question was not inserted with a view to the common law right between vendor and vendee. The words, *valid and effectual*, are fully satisfied without this, by giving them a reference to the rights of the bank.

There was no objection made at the trial, that the bank must prove themselves a corporation. It related to the kind of evidence offered, which was the statute. This is a public one, and needs no proof. There are no pre-requisites mentioned in the charter to their becoming a corporation. On the contrary, the first section, (sess. 35, ch. 64,) recites, that Kipp and others are already associated, and all persons that shall become stockholders, are thereby *declared to be* a body corporate, &c. The second section declares, that subscriptions *shall be kept open*, not *shall be opened*. They are a body politic, from the passage of the act, and are so treated throughout. The cases cited are distinguishable. They relate to corporations created upon condition that certain pre-requisites should be complied with before they go into effect ; as that certain sums in specie or stock shall be first raised. Even in such a case, slight proof would be sufficient, as that they had been in operation a series of years. But it is enough here that we are a corporation *ipso facto*, by the very terms of the enactment. We did, however, prove that the bank had been in operation 9 years, exercising the privileges granted by the statute. This was fully shown by the evidence of Colling, the clerk. The act provides, that it should not be forfeited for non-user at any time before February, 1813. Is not this enough, even if we were bound to go out of the act ? In 1815, the legislature passed another act, (sess. 38, ch. 144,) authorizing the plaintiffs to establish a branch bank at Canandaigua. This would, of itself, be a sufficient proof of their existence. It is

true, as a general rule, that when a corporation sues, they
must show themselves to be a corporation. What this
proof is to be is another question. Every plaintiff must
prove himself *in esse*. The proof that we acted as a cor-
poration for a number of years, being recognized as such
by the legislature, is, *at least, prima facie*, evidence of our
existence as such. If the plaintiffs had ceased to be, the
defendants should have rebutted our proof, by showing their
civil death.

The *Mayor & Burgesses of Stafford* v. *Bolton*, does not,
as supposed, rest upon the sole ground of an omission in the
local description. " The county of Stafford" was a part of
the corporate name. Might Utica be omitted in the plain-
tiffs' name ? If it might, and the omission would not vitiate
without a plea in abatement, why not the words " and Com-
pany?" Certainly they might, and that with much more
propriety ; for if Utica be omitted, there would be nothing
to distinguish it from any other bank ; whereas omitting
the word Company would still leave the description suffi-
ciently perfect to make it understood by every body. There
are not three substantive parts to the corporation. The
President & Directors of the Bank of Utica, is a sufficient
*descriptio personæ*. The error is, in supposing that the law
implies three distinct bodies ; but the variance is literal and
unsubstantial merely. The case falls precisely within that
of *The Mayor, &c.* v. *Bolton*.

SUTHERLAND, J. It is contended by the defendant—1,
that Thomas Colling was an incompetent witness, and was
improperly admitted by the Judge.

The objection to Colling was, that he was a stockholder
in the bank, in whose name this suit was brought. He imme-
diately assigned or transferred his stock, and was then per-
mitted to testify. The transfer, it is said, was not valid, be-
cause it was not registered in a book kept by the Company
for that purpose, the 6th section of the act providing that no
transfer of stock shall be effectual, until it is so registered, and
all debts due from the stockholder to the company are paid,
&c. This provision was intended exclusively for the bene-
fit and protection of the bank. Their lien upon *the stock,*

for any debts due to them, cannot be affected by a transfer of the stock; and the only notice of a transfer which they are bound to regard, is a registry of it in their books. Payment of dividends to the original stockholder at any time before the assignment was registered, would probably be good. The legislature intended, by this section, to afford to the bank a means of ascertaining with certainty who they were bound to consider and treat as stockholders.

But if A. being a stockholder in the bank, and also indebted to the bank, transfer his stock to B. all his interest passes. It is a valid transfer as between A. and B. but B. takes it subject to the claims of the bank against A. The registry can be made as well by B. as by A. The transfer made by Colling, therefore, passed all his interest in the stock, and rendered him a competent witness.

2. It is contended, that the Judge erected in deciding that the plaintiffs were not bound to prove themselves a corporation, upon the general issue pleaded.

This objection is well taken. When a corporation sues, they need not set forth, by averment, in the declaration, how they were incorporated; but upon the general issue pleaded, they must prove that they are a corporation. (Kyd on Corp. 292. *Norris* v. *Staps,* Hob. 211. 2 Ld. Raym. 1535. *Jackson, ex dem. Trustees of Union Academy,* v. *Plumbe,* 8 John. 378. *Dutchess Cotton Manufacturing Company* v. *Davis,* 14 John. 245, opinion of Thompson, Ch. J. *Bank of Auburn* v. *Weed,* 19 John. 300.)

3. It is objected, that the Judge erred in overruling the objection to the plaintiffs' right of recovery, on the ground that the suit was brought in the name of the President and Directors of the Bank of Utica, whereas they were incorporated by the name of the President, Directors and Company of the Bank of Utica. This was a mere *misnomer*; and a misnomer of a plaintiff, even in the case of a corporation, is not ground of nonsuit, but can be taken advantage of only by plea in abatement. (1 Chit. on Pl. 440. 1 Bos. & Pull. 40. *Gardner* v. *Walker,* 3 Anstr. 935. Com. Dig Abatement, (E). 5 Mass. Rep. 97.) The Judge, therefore decided correctly in overruling this objection.

4. It was objected, that the note on which the suit was brought was usurious.

There is nothing to distinguish this case, upon the question of usury, from those of the *New York Firemen Insurance Company* v. *Ely & Parsons,*(a) and the *Bank of Utica* v. *Wager,*(b) except that the clerk who cast the interest swears, " that it was his intention, as a clerk and bookkeeper, always. to cast the interest at 7 per cent. only, and according to the best and most approved system in use." This does not change the legal character of the transaction. It was his intention cast and receive interest for ninety-one days, upon a forbearance of ninety, under an erroneous impression that ninety days were the legal fourth of a year. All that he means to say, then, is, that he supposed, for the purposes of interest, that the year consisted of 360 days; and upon that supposition, considering ninety days as the fourth of a year, would not give more than 7 per cent. His mistake was as to the law, and not as to any matter of fact. Upon the principles already established, in the cases alluded to, the transaction must be considered usurious, and there must be judgment for the defendant.

SAVAGE, Ch. J. concurred, except as to the misnomer; and added, that, as to the competency of Colling, it appeared that he absolutely assigned his stock to the counsel in the cause. The objection urged against his competency is, that the transfer was not complete till entered on the books of the bank, which had a lien upon the stock for any debt due to it from Colling; but it seems to me that this was a question to be agitated only between the bank and the purchaser. Colling had done all in his power to divest himself of the stock, provided his conveyance was valid. But as the conveyance was, for aught that appears in the case, without consideration, and evidently for the purpose of qualifying himself to be a witness, was it *bona fide ?* Was not Mr. Williams a trustee for Colling ? he, (W.) having neither paid nor become obligated to pay C. for the stock ? It is stated, in the case, that he *transferred* his stock, and I think we are, as was mentioned at the bar, to understand that the

NEW YORK.
May, 1824.

Bank of Utica
v.
Smalley.

(a) Ante,
678

(b) Ante.
712.

NEW YORK,   transfer was made in all respects regularly, and fairly, ex-
May, 1824.   cept in the particular objected to at the trial.

Bank of Utica      The objection of the *misnomer* seems to me well taken.
v.          Under the issue joined, it was incumbent on the plaintiffs
Smalley     to show that they had a legal existence, and a capacity to
sue.   In attempting to do so, they prove, if any thing, that
"the President, Directors & Company of the Bank of Utica'
were incorporated, but the suit was brought in the name of
" the President and Directors of the Bank of Utica."   The
defendants were not to know that there was no incorporation
by that name.   The name of a corporation is essential.
They are authorized to sue by a particular name, and they
certainly have no power to sue by any other.   Suppose the
cases put at the bar ; that the President of the Bank of Uti-
ca alone, or the Directors and Company, without the Presi-
dent, or the Directors alone, or the Company alone, had
brought the suit, I should not hesitate in saying, that such
an action could not be sustained.   The authorities cited to
show that the defendant, if sued by a wrong name, must
plead it in abatement, and cannot take advantage of this
informality on the trial, prove to my mind the reverse of the
proposition as to the plaintiff ; and that a variance of this
kind must be taken advantage of on the trial, especially
where the plaintiff is a corporation.   The case from Bo
sanquet & Puller may be law, if placed on the ground
adopted by Buller, J. that the omission related to mere ad-
dition of place ; but I do not comprehend how the rule that
a corporation must prove its existence upon the general
issue, can, in general, be complied with, unless it is confined
to the name upon record.   Under this rule its existence by
that name becomes matter of substance.   It is an artificial
technical being, and the proceedings should conform to this
idea throughout.

Woodworth, J. concurred in the result of these opin-
ions.

                    Judgment for the defendants.