## CHRISTIAN SOCIETY IN PLYMOUTH *vs.* ELIJAH MACOMBER & another.

Before the *St.* of 1836, *c.* 273, prohibited pleas in bar, *nul tiel corporation* might have been pleaded in bar, as well as in abatement ; and since the passing of that statute, if plaintiffs sue as a corporation, and the defendant, on pleading the general issue, gives notice, conformably to the rule of the court, that he shall deny that the plain-tiffs are a corporation, they are bound to prove their corporate existence. But by pleading the general issue, without such notice, the defendant admits the existence of the corporation.

THE report of this case by the chief justice, before whom it was tried, at May term 1840, was thus :

" This was an action of trespass *quare clausum fregit,* in which the plaintiffs, by the name of the Christian Society in Plymouth, set forth in their declaration their possession of the meetinghouse therein described, and an unlawful entry into the same, and an expulsion of the plaintiffs therefrom, by the de fendants. The defendants pleaded the general issue, and gave notice that they should deny the legal existence of the plaintiff corporation.

" It was ruled by the court, at the trial, that by pleading the general issue, the defendants admitted that the plaintiffs were a corporation or religious society competent to sue ; that the fact of their incorporation could be contested by a plea in abatement only ; and that the plaintiffs, under this issue, were not bound to prove their incorporation or organization.

" The plaintiffs called a witness. who was objected to, as be-ing a member of the plaintiff society, and therefore interested (

and it was contended that he was not within the exception made by the Rev. Sts. *c.* 20, § 25, and *c.* 94, § 54, because it had not been shown that the plaintiffs were incorporated, or otherwise duly organized as a religious society. The objection was overruled, and the witness admitted, on the ground that, for the purposes of this trial, the plaintiffs must be taken to be a duly organized religious society, for the reasons above stated. Several other witnesses were admitted who were liable to the same objection.

" A verdict was taken for the plaintiffs, subject to the opinion of the whole court, upon the above decisions."

The case was argued at the last October term.

*Eddy*, for the defendants. As the plaintiffs do not allege, in their declaration, that they are a corporation or religious society, or are duly organized, the defendants do not, by pleading the general issue, admit their corporate existence. On the contrary, that plea requires proof by the plaintiffs, that they are a corporation. 2 Ld. Raym. 1535. *Norris* v. *Staps*, Hob. 211. *Jackson* v. *Plumbe*, 8 Johns. 378. *United States Bank* v. *Stearns*, 15 Wend. 314. *Agnew* v. *Bank of Gettysburg*, 2 Har. & Gill, 478. Hence a plea of *nul tiel corporation* in bar is bad on special demurrer, as amounting to the general issue. *Wood* v. *Jefferson County Bank*, 9 Cow. 205. *Bank of Auburn* v. *Weed*, 19 Johns. 300.

If the defendants had made a contract with the plaintiffs, under their corporate name, they might be estopped, in a suit thereon, to deny that they were a corporate body. *Dutchess Cotton Manufactory* v. *Davis*, 14 Johns. 238. But in an action of trespass, there is no estoppel of this kind.

*W. Thomas & Coffin*, for the plaintiffs. In this Commonwealth, the general issue admits that the plaintiffs are a corporation. That fact can be denied only by plea in abatement. *Proprietors of Monumoi Great Beach* v. *Rogers*, 1 Mass. 159. *Proprietors of Kennebeck Purchase* v. *Call*, 1 Mass. 485. But if *nul tiel corporation* might have been pleaded in bar, before the *St.* of 1836, *c.* 273 ; the defendants, since that statute, must file such a " statement " of their matter of defence as is prescribed

by the 56th rule of the court. [24 Pick. 400.] This was not done in the present case. *Brickett* v. *Daris*, 21 Pick. 404.

WILDE, J.    This was an action of trespass *quare clausum fregit*, to which the defendants pleaded the general issue, and gave notice that they should deny the legal existence of the plaintiff corporation. But it was ruled by the court, at the trial, that by pleading the general issue, the defendants admitted that the plaintiffs were a corporation or religious society competent to sue, and that the fact of their incorporation could be contested by a plea in abatement only ; and to this ruling the defendants' counsel excepted.

The only cases relied on by the plaintiffs' counsel, in support of the rule of pleading laid down at the trial, are the *Proprietors of Monumoi Great Beach* v. *Rogers*, 1 Mass. 159, and the *Proprietors of Kennebeck Purchase* v. *Call*, 1 Mass. 485. In those cases, it was decided that the defendant, by pleading the general issue, admitted the existence of the proprietors as named in the writ ; and in the latter case, it was said by the court, that " if the defendant meant to object to that fact, he should have taken the objection by a plea in abatement." And this undoubtedly would be so, if the objection were that the plaintiffs had sued by a wrong name. Bro. Ab. Misnomer, 73.    1 Bos. & Pul. 40.    1 Saund. 340, *note* (2).    But the question, whether a plea in bar, denying that the plaintiffs were a corporation, might be well pleaded, was not raised or discussed in those cases. The decisions were, that by pleading to the action, the defendant admitted that the plaintiffs were a corporation competent to sue. On this point, the authorities are conflicting.    See 1 U. S. Digest, Corporation, 213, where the American cases are collected. In the *School District* v. *Blaisdell*, 6 N. Hamp. 197, it was held that the general issue is a waiver of all exceptions to the person of the plaintiff ; but it was held also, that the defendant might plead in bar or in abatement that the plaintiffs were not a corpo·ration.    And so it was again decided in *Proprietors of Concord* v. *McIntire*, 6 N. Hamp. 527.    The same rule of law has been laid down in other cases.

In New York, it has been uniformly held that on the general

issue, the plaintiffs, suing as a corporation, must prove that they are a corporation, and that a plea that the plaintiffs were not a corporation would be bad on special demurrer, as amounting to the general issue. *Bank of Auburn* v. *Weed*, 19 Johns. 300. But this question is not material in the present case, as ʟe defendants gave notice, when they filed their plea, that they should deny the legal existence of the plaintiff corporation, which, by *St.* 1836, *c.* 273, abolishing special pleas in bar and special demurrers, entitles them to the same defence as though the same were specially pleaded. So that the question is, whether before the statute the plea of *nul tiel corporation* was a good plea in bar.

A similar question was very fully discussed, in the case of *Langdon* v. *Potter*, 11 Mass. 313. The question was, whether the defendant could be allowed to plead in bar that the plaintiffs were not administrators, in which capacity they prosecuted the action. And it was decided, that it might well be so pleaded. This decision is sustained by all the authorities, although it seems that the same matter might be pleaded in abatement. It was remarked by Jackson, J. in delivering the opinion of the court, that " there are many cases, where the matter of the plea goes to preclude the plaintiff forever from maintaining the action, and it may therefore be pleaded in bar ; yet as in point of form it is in disability of the plaintiff, it may also be pleaded to the person." And this may be allowed, although the disability be perpetual. 6 Pick. 370. Such a plea, however, although the effect may be to abate the writ, seems to be more properly a plea in bar. In Bro. Ab. Misnomer, 73, the doctrine is thus laid down : " In an action by a corporation or a natural body, misnomer of one or the other goes only to the writ ; but to say that there is no such person *in rerum natura*, or no such body politic, this is in bar ; for if he be misnamed, he may have a new writ by the right name ; but if there be no such body politic, or such person, then he cannot have an action." This is recognized as the correct rule, in *Mayor & Burgesses of Stafford* v. *Bolton*, 1 Bos. & Pul. 44.

But although a perpetual disability of the plaintiff may be

pleaded in bar, it may also be pleaded in abatement, at the elec·tion of the defendant. Thel. Dig. lib. xi. *c.* 7. Com. Dig. Abatement, E. 16. 1 Chit. Pl. (5th ed.) 481. *Bank of Manchester* v. *Allen,* 11 Verm. 306. *Campbell* v. *Galbreath,* 5 Watts, 428.

There appears to be no case in which it has been decided that such a plea in bar is not good, except in those instances where it has been held to amount to the general issue. And we are of opinion, that the special matter relied on by the defendants, of which they gave notice, might have been well pleaded in bar, before the statute abolishing special pleadings, and consequently that the plaintiffs are bound to prove their incorporation or organization.

If, however, the defendants had not given notice of their intention to deny the plaintiffs' legal competency to sue as a cor-. poration, we should have considered that matter as admitted by the plea to the action, according to the decision, before referred to, in the case of *Proprietors of Kennebeck Purchase* v. *Call.*

*New trial ordered.*