### KELLOGG and KELLOGG *vs.* LAWRENCE.

S. and T. made four drafts on defendant; three of these were held by one of the plaintiffs and R.; and the fourth, on which this action was brought, was made payable to plaintiffs July 1, 1843, and accepted by defendant as follows: "Accepted according to contract dated 21st March, 1843." The contract thus refered to, and which was set forth in the declaration, was made between defendant of the first part and plaintiffs and R. of the second part, and recited that defendant had purchased from S. and T. some lumber at prices agreed upon between them (but which were not specified) and which would leave a sum to be paid to S. and T., that the parties of the second part held the said several bills of exchange, and that defendant had made advances, &c., for the benefit of S. and T. The contract then declared that defendant, after paying himself for all advances, &c., made for S. and T., would pay the parties of the second part the amount of said bills of exchange when said lumber should be sold and the proceeds realized by him, and that he would make sale and realize with all due diligence; but it was expressly declared in said contract that defendant was, at all events, first to be paid his said advances, &c., before any payments were to be made to the parties of the second part. *Held*,

That the acceptance was a qualified one, and that, although the bill was in its body made payable on a certain day, its payment and the date thereof were regulated by the terms of the contract refered to in the acceptance;

That the prices at which defendant purchased the lumber of S. and T. were the measure of his liability as acceptor, and that, to entitle plaintiffs to recover, they must show that such prices exceeded the advances, &c., made by defendant for S. and T.

And therefore, *held further*, that a count in plaintiffs' declaration alleging that defendant had disposed of all the lumber and realized the proceeds thereof, and on that ground alone seeking to charge him as acceptor, without an averment of the amount of such proceeds, or that they exceeded or were equal to the advances, &c., made by him for S. and T., showed no right of action against defendant;

That a further count alleging a sale of the lumber and that the proceeds of such sale had been realized, and that said lumber *at the prices agreed upon between defendant and S. and T.* was sufficient to pay him his advances, &c., made for them and leave a balance sufficient to pay said several bills of exchange, was good;

That a plea to this count, alleging as a bar "that the *proceeds of the sales* of said lumber" were not sufficient to pay the defendant his advances, &c., for S. and T. as stated in said contract, was bad as raising an immaterial issue;

And that another plea to this last count, alleging that the proceeds of the lumber *at the prices agreed* upon between defendant and S. and T. were not sufficient to pay him his advances, &c., for them as stated in said contract, was bad as amounting to the general issue.

Kellogg v. Lawrence.

If the avails of the lumber, though falling short of the full amount of defendant's acceptances, exceeded the amount of his advances for S. and T., whether he would then be bound to pay the bills of exchange in full, or only to the extent of the balance in his hands, *Quære?*

DEMURRER. The declaration contained two counts, the first of which avers that Simons and Taft on January 31st, 1843, drew a certain bill of exchange of that date on the defendant, and payable to the order of the plaintiffs by the description of S. Kellogg & Son, for $1,455.57 on the first of July then next at the Oneida Bank, and delivered the same to plaintiffs, which said bill of exchange was accepted by said defendant on March 21st, 1843, in the following words and figures, to wit; " accepted according to contract dated 21st March, 1843." That on said 21st of March the plaintiffs and one James Rockwell entered into a certain contract with the said defendant in which it was stated that the defendant has now in his possession a quantity of lumber purchased of Simons and Taft at prices agreed upon between them, which will leave a sum of money to be paid to said Simons and Taft, and that the said plaintiffs and said Rockwell own drafts of the said Simons and Taft to the sum of $4,985.36, including the one in suit, and it is agreed by the said defendant that after paying and indemnifying himself for all payments, advances or responsibilities made or incurred by him for the benefit of said Simons and Taft," which amount to $6,958.36, he will pay the said plaintiffs and Rockwell the amount of the drafts when the lumber so received by him shall be sold and realized by him, and the said defendant " is at all events to be first paid and indemnified for all advances before mentioned before any payments are to be made to the said " plaintiffs and Rockwell The first count then avers that the defendant did sell and dispose of the lumber aforesaid and realized the proceeds thereof, by means whereof the defendant became liable, &c. The second count sets forth the same bill of exchange and contract as the first, and avers that " there was on the 21st March, 1843, in possession of said defendant lumber then purchased of Simons and Taft, which at said prices agreed upon between defendant and said Simons and Taft was

sufficient to pay and indemnify the said defendant for all his payments, advances and responsibilities for Simons and Taft, and leave a balance sufficient to pay the demand of said plaintiffs and said Kellogg and Rockwell; and they further say that afterwards he, the said defendant, sold the lumber. and realized the proceeds thereof, by means whereof the defendant became liable, &c. The defendant in his plea (the third) to the second count "says that the proceeds of the sales of the said lumber in the said second count mentioned, have not been and are not of sufficient amount to pay and indemnify the defendant for all his payments, advances or responsibilities made or incurred by him for the benefit of said Simons and Taft in said first count mentioned, which on March 21st, 1843, amounted to $6,958-36 " and are now of the same amount with interest from that date, and that there was a deficiency of $2,000 in the paying and indemnifying defendant. A farther plea to the second count (refered to in the opinion as the sixth plea) states that the proceeds of the lumber in said second count mentioned, at the prices agreed upon between defendant and Simons and Taft have not been and are not of sufficient amount to pay and indemnify the defendant for all his payments, advances and responsibilities for the benefit of Simons and Taft in the second count mentioned. This plea concludes like the third. Plaintiffs demur to both those pleas for causes assigned, and which appear sufficiently from the opinion. Joinders.

(There were also demurrers to other pleas, but it is unnecessary to set them out.)

*C. P. Kirkland,* for plaintiffs.

*W. Hunt,* for defendant.

*By the Court,* BEARDSLEY, Justice. The defendant had purchased of Simons and Taft, at prices agreed upon between them, a quantity of lumber, which remained in his possession and unsold. The quantity is not stated. It does not appear what this lumber would amount to at the prices

stipulated, nor when, by the contract between them, payment was to be made; but it does appear that the defendant had made payments and advances, and incurred responsibilities for Simons and Taft, to the amount of six thousand nine hundred and fifty-eight dollars and thirty-six cents. This, as far as the pleadings disclose, was the state of things between the defendant and Simons and Taft on the 21st March, 1843.

Simons and Taft had previously drawn four bills of exchange on the defendant, which in the aggregate amounted to four thousand nine hundred and eighty-five dollars and thirty-six cents. One of these bills was in favor of the plaintiffs, and the others in favor of one of the plaintiffs and his partner, Rockwell, and they were all payable in July and August, 1843. The bill payable to the plaintiffs was accepted by the defendant in writing, as follows: "*accepted according to contract dated March* 21, 1843," and upon this acceptance the present action was brought. The contract refered to in the acceptance is set out in the declaration. It is between the defendant of the first part, and the plaintiffs and said Rockwell of the second part. It recites that the defendant had in his possession a quantity of lumber, purchased by him of Simons and Taft, at prices agreed upon between them, and which would leave a sum of money to be paid to Simons and Taft; that the parties of the second part held the several bills of exchange already mentioned; that the defendant had made payments and advances and incurred responsibilities, for the benefit of Simons and Taft, to the amount herein before stated; and then follows the engagement of the defendant, which was "that after paying and indemnifying himself for all payments, advances or responsibilities made or incurred by him for the benefit of said Simons and Taft," he would pay to the parties of the second part the amount of said bills, when the said lumber should be sold and the proceeds realized by him, and that he would make sale of said lumber and realize the proceeds with all due diligence; but it was expressly declared that the defendant was, at all events, first to be paid and indemnified for the payments, advances and responsibilities aforesaid,

before any payments were to be made to the parties of the second part.

A consideration for the acceptance of a bill of exchange is, ordinarily, to be implied and need not be alleged or proved, but an acceptance may be made in such terms as to show what the consideration was, if any existed, or that the undertaking was wholly gratuitous. This acceptance was qualified and conditional. It was not an engagement to pay at the time specified in the bill; nor absolutely to pay at any time; but it was an acceptance according to the provisions of a particular contract. We must therefore resort to that contract to ascertain what the defendant's engagement was; to learn the time of payment, if one is therein specified and fixed, or the contingency which was to fix the time and the extent of the acceptor's liability. This contract may show what was the assumed consideration for the acceptance, and exclude the presumption of any other than such as is expressed; and in the end it may be seen that no consideration, in fact, existed for the engagement.

In terms, the bill in suit was payable on the first day of July, 1843, but by the acceptance it was not to be paid by the defendant until the lumber, already mentioned, had been sold, and the proceeds thereof realized by him. This is plain enough; the defendant certainly was not bound to make payment until he had received the proceeds of that lumber.

But he was not bound, absolutely, to pay, when that occurred. I grant that taking the mere words of the contract, and looking no further, the engagement of the defendant was to pay when the lumber should be sold and the proceeds realized by him. One clause of the contract is in these words: "the said Lawrence will pay to the said parties of the second part the amount of the above mentioned drafts *when the lumber received by him shall be sold and the proceeds realized by him.*" But it would be most unreasonable to disconnect this clause from other parts of the contract, and take these words in their strict literal import. As far as it can be done consistently with the terms of the contract, it should receive a reasonable construction, avoiding what is

absurd and improbable. Simons and Taft probably intended to draw for the whole or a part of what they supposed would be their due, and the defendant, it is but reasonable to conclude, designed to limit his liability accordingly. How far he may have been completely successful is a different question and is not free from difficulty, but that he has to a certain extent succeeded in this purpose, can not, I think, be seriously doubted.

Although the whole of the lumber may have been sold and the proceeds thereof realized by the defendant, he is not bound to pay any thing, as acceptor, if the amount so received is insufficient to indemnify him for payments, advances and responsibilities for the benefit of Simons & Taft, as is specified in the contract. This is carefully guarded against, for the contract declares, that the defendant " is at all events to be first paid and indemnified for all advances before mentioned, before any payments are to be made to the said parties of the second part." If the proceeds therefore fall short of the sum required for the defendant's indemnity, the contingency on which he was to become liable as acceptor has not occurred, and no right of action exists against him.

But if the *avails* of the lumber should exceed the amount of said advances, and still fall short of the full amount of bills drawn by Simons and Taft, and thus specially accepted by the defendant, a question would then arise whether the defendant was bound to pay such bills in full, or only to the extent of the balance in his hands. This question does not arise on the present pleadings, and I shall leave it to be determined when the facts make it necessary to do so.

In the view which I take of this acceptance it becomes necessary to determine the prices at which the lumber is to be estimated in ascertaining the amount of the *proceeds* thereof *received* by the defendant.

The lumber had been sold to the defendant at prices agreed, but the time when he was to pay for it is not shown, nor are the prices specified. It was his own property, in his own possession; and between him and Simons and Taft, the prices agreed upon between them were the measure of

his liability. But other persons became parties in interest, and so far as respects the time of payment, the defendant agreed with the plaintiffs and Rockwell, that when he should have made sale of the lumber and received the avails thereof he would make payment to them. This event was sufficiently certain, and fixed the period which was to determine the defendant's liability. But there is nothing in the contract made by the defendant with the plaintiffs and Rockwell, which changed the prices he was to pay for the lumber. The prices at which the lumber had been purchased of Simons and Taft must therefore determine the extent of the defendant's liability as acceptor, so far as the amount thereof is a material fact. And in order to recover, the plaintiffs must not only show that the lumber has been sold and the proceeds realized by the defendant, but that these proceeds, at the prices so agreed upon, at the least, *exceed* the amount of the previous payments, advances and responsibilities of the defendant for the benefit of Simons and Taft.

The contract refered to in the acceptance not only determines the character of the latter engagement, but it also shows the consideration, as far as any exists, to uphold that promise. To the extent of his liability to Simons and Taft, over and above prior payments, advances and responsibilities on their account, there was an ample consideration for the defendant's acceptance, but beyond this none appears to have existed. If the acceptance therefore could be construed as an absolute engagement to pay the bills, it would be a *nudum pactum*, if we assume, what is alleged to be true, that the proceeds of the lumber fell short of the amount required to indemnify the defendant for his previous payments, advances and responsibilities.

If these views are correct they decide the questions arising on these demurrers.

The *first* count in the declaration alleges that the defendant had disposed of all the lumber and realized the proceeds thereof, and on that ground alone seeks to charge him as acceptor. It does not allege the amount of such proceeds, or that they exceeded, or were equal to the previous payments, advances and responsibilities of the defendant for

the benefit of Simons & Taft. This count is bad; it shows no right of action against the defendant; and, without regard to the pleas interposed, the defendant is entitled to judgment on the demurrers to those pleas, because the count is vicious.

The *second* count in the declaration is of another description. It not only alleges a sale of the lumber and that the defendant had realized the proceeds thereof, but that said lumber, at the prices agreed upon therefor between the defendant and Simons and Taft, was sufficient to pay and indemnify the defendant for all his payments, advances and responsibilities for the benefit of Simons & Taft, as is mentioned in said contract, and leave a balance or surplus sufficient to pay and satisfy the several bills of exchange mentioned in said contract.

This count is good, and if the facts are as alleged the plaintiffs must recover.

The *third* plea, which is to this count, is founded on a wrong principle. It alleges as a bar, " that the *proceeds of the sales* of said lumber were not of sufficient amount to pay and indemnify the defendant for his payments, advances and responsibilities for the benefit of Simons and Taft, as is stated in said contract.

This offers an issue on an· immaterial fact. It was of no possible consequence what might be the amount of the *proceeds* of the lumber, *as sold* by the defendant. He may have sold it at half its value, or at a mere nominal price, but that would not touch the point of his liability to Simons and Taft or as acceptor of this bill. The count alleges that the lumber, at the prices agreed, was sufficient to indemnify the defendant and pay the several bills accepted by him, and the plea wholly fails to meet this substantial ground for a recovery.

The *sixth* plea is also to the second count. It alleges that the proceeds of the lumber at the prices agreed upon between the defendant and said Simons & Taft had not been, and were not of sufficient amount to indemnify the defendant for his payments, advances and responsibilities, as set forth in said contract.

This plea amounts to the general issue. The plaintiffs

allege in the second count, and, if the general issue is pleaded, they must prove that the lumber, at the prices agreed, amounted to more than was required for the defendant's indemnity. The plea is plainly bad as amounting to no more than the general issue, and that is assigned as a special cause of demurrer. (*The Bank of Auburn* v. *Weed and another*, 19 Johns., 300; *Wheeler* v. *Curtis*, 11 Wend., 653, 660.)

I have intended not to go beyond the case in hand, but to confine myself strictly to what arises on these pleadings. No opinion is given, nor designedly intimated, upon any other state of facts. The obscurity of this agreement, and, in some aspects, its absurdity; the doubt, for there is room to doubt what the parties could have meant by such an instrument, all conspire to impress upon us the propriety of forbearance and caution. Whatever difficulties exist in the case as it is, it must be decided, but there the court should stop.

The defendant is entitled to judgment on the demurrers to the pleas to the *first* count, and the plaintiffs on the demurrers to the pleas to the *second* count, with leave to each party to amend on the usual terms.

Ordered accordingly.