Hubbard, J.
By the agreement of the parties, the plain tiffs covenanted to transfer to the defendant all the stock or the interest which they acquired in the same, by their sub scription and the payment of the $500. The first question to be considered is upon the performance of this covenant as a condition of the maintenance of the action. In my opinion, the instrument of assignment tendered by the plain tiffs to the defendant, on the 13th day of August, 1850, was, in the language of the contract, “ a proper instrument of conveyance,” or, in other words, a full compliance with the requirement of the covenant. Its effect was to assign and transfer to the defendant all the interest which the plaintiffs acquired by virtue of their subscription and the payment of the first installment of ten per cent. This was all they undertook to do. They did not undertake to procure a transfer of the stock on the books of the company; their engagement was satisfied when they put the defendant in the position which they themselves occupied towards the company. They subscribed for the stock at the instance of and for the benefit of the defendant, and engaged to surrender all the interest and title under their control to the defendant upon certain conditions. Whether the instrument »f transfer tendered by the plaintiffs would have the effect to vest the legal title to the stock in the. defendant, is not inrportant to inquire. As between the parties, it certainly vested all the right and equitable interest of the plaintiffs, and by the power of attorney contained therein authorized the defendant, upon the payment of the thirty per cent required by the by-law's, to obtain a transfer of the stock on the books of the corporation. (Gilbert v. The Manchester Iron Co., 11 Wend., 627; The Commercial Bank of Buffalo, 22 Wend., 348; Bank of Utica v. Smalley, 2 Cow., 770; 8 id., 398; Grant v. Franklin Ins. Co., 8 Pick., 90; Ang. & Ames on Corp., ch. 16, 445, § 6, 2d ed.)
The plaintiffs performed their covenant to assign as fully and completely as it was in their power to do. It was the *561 duty of the defendant to pay the balance of the thirty per cent, and thus render the stock assignable on the books of the company. It must be presumed that the agreement of the parties was made with express reference to the authority of the directors of the company to make by-laws regulating the transfer of stock (Sess. Laws, ch. 140, §§ 10, 11), and the contract should be construed accordingly. The language of the agreement certainly does not require that the plaintiffs shall, as it respects the corporation, invest the defendant with all the rights and qualities of a stockholder; and no such precedent condition to the right of action should be implied, inasmuch as it involves a necessity, on the part of the plaintiffs, of the payment of the additional twenty per cent required by the by-laws in order to a transfer on the books of the company, which payment the defendant had himself undertaken to make. In my judgment, therefore, the plaintiffs fully performed their covenant, or-tendered a performance which justified this action.
The next question relates to the measure of damages adopted on the trial. That measure was the amount of the judgment obtained against the plaintiffs, by the railroad corporation, on account of the balance of the subscription price for the stock. This rule of damages I think correct, under the agreement of the parties.
The appellant’s counsel, however, insists that the proper measure was the difference between the price and the actual value of the stock at the time of non-acceptance. This is the rule which prevails on the sale and non-delivery or nonacceptance of an article of merchandise or a personal chattel. (9 Cow., 681; 2 Wend., 322; 9 id., 129; 2 Kern., 40.) Although, perhaps, the plaintiffs might, yet they were not bound to adopt such a criterion of recovery, which would; involve their retention of the stock contrary to the plain intent of the agreement.
In making the subscription the plaintiffs acted in behalf of the defendant. The stock was brought into existence for *562 the express benefit of the defendant, and to be assigned to him, after the payment of the first ten per cent, upon a covenant of indemnity against future installments and all liability growing out pf the subscription. The plaintiffs did not stand in the position of a vendor of a chattel, as it respects the measure of damages. They were not vendors of the stock in any just sense. They subscribed, under the contract, rather as agents of the defendant, and as such are not bound to keep the stock and recover the difference in price between the actual value of the stock and the par subscription, after deducting the $500.
The defendant covenanted to accept an assignment of the stock on the conditions specified, and is bound to perform that agreement; and for a breach must respond in damages to the extent of a complete indemnity. This he is required to do by the judgment, which is limited to the amount of the judgment obtained by the railroad company against the plaintiffs.
It follows that the judgment must be affirmed.
Judgment affirmed.