Mason, J., (after advising with Duer and Campbell, J. J.)
The plaintiffs have examined under a commission issued in this cause, their president, cashier and notary. On their cross-examination, they each of them stated that they were stockholders in the bank. A motion is now made for a new commission to re-examine the same witnesses, upon the idea that they were *687 incompetent by reason of interest, and that the objection upon that ground has been removed.
The 398th section of the code declares that no person offered as a witness shall be excluded by reason of his interest in the event of the action, The next section (§ 399,) is as follows: “ The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action assigned for the purpose of making him a witness,” and it is supposed or feared by the counsel for the plaintiff that the witnesses may be excluded under some one or other of the clauses of this 399th section.
Stockholders in a corporation are not in form parties to a suit brought in the name of the corporation, that is, they are not parties to the record, and are not individually liable for costs, nor are they individually entitled to receive the amount which may be recovered, as plaintiffs are. It was indeed held at one time by the supreme court of the United States, that for the purpose of determining the question of jurisdiction in suits brought by a corporation, they would so far consider the individual stockholders parties, as to take notice of the places of their residence, and that they would not entertain a suit by the corporation, if it could not have been maintained by all the individual stockholders. But this doctrine was overturned in the late case of the Louisville Rail Road Company v. Letson, 2 Howard U. S. R. 497, 554, in which, the court, after a very elaborate argument, distinctly say the corporators as individuals are not parties to a suit brought by a corporation, but parties having an interest in the result.
The only question then is, whether the individual stockholders can be said to be persons for whose immediate benefit the suit is prosecuted or defended. It cannot surely be a correct interpretation of this phrase “ immediate benefit,” to apply it to every person who would be pecuniarily affected by the result of the suit, for that would annul the preceding section, which admits as witnesses persons thus interested. A creditor of the plaintiff, whose debt would be paid out of the recovery, or a party interested in a fund which would be increased by the *688 amount of the debt sued for, has an interest in the event of the suit, but the suit is not for the immediate benefit of such a person, because the money does not go directly into his hands as his property. Oh the other hand, a person to whom the debt in suit has been assigned, and who by virtue of the assignment would be entitled to receive it directlv from the debtor, is one' for whose immediate benefit the suit is prosecuted.
These sections of the code, are taken substantially from the British act of the 6th and 7th Victoria, commonly called Lord Denman’s act, and .the decisions under that act are in accordance with the views above expressed. Thus in Hart, administrator, v. Stephens, 6 Ad. & Ellis, N. S. 937, the plaintiff, administrator of a married woman, called the husband of the deceased, to prove admissions by the defendant of the debt within six years ; and it was held by the court that the husband was competent, notwithstanding his possible benefit from his wife’s estate. In the case of Hill v. Ketching, 3 Man. Grang. & Scott, 299, which was an action for broker’s commissions, the plaintiff called one Cramond as a witness, who stated on his voir dire, that he had no claim against the defendant, but in consequence of his having introduced the plaintiff to the defendant, tie should receive half the commission from the plaintiff, if he recovered," pursuant to an agreement with him to that effect, and the custom among brokers. It was therefore contended that the witness came precisely within the terms of the proviso in Lord Denman’s act, being a person in whose immediate and individual behalf the action was brought. The case was very fully argued, and carefully considered. All the judges delivered their opinion on this and the other points involved. Chief. Justice Tindal .said, “ if it had appeared that the plaintiff had made over to Cramond a moiety of the commission, then I should have said that Crammond was a person in whose immediate and individual behalf the action was in .part .brought, but that is not so. Cramond, though she claims a moiety of the commission under a separate and distinct agreement with the plaintiff, has no right to lay his hand upon any portion of the money to be recovered in this action.” •
. This remark applies with great force to the witnesses in the *689 present case. They may have a right to dividends to be declared, out of the profits, if there shall be any, and those dividends may be increased by the amount which the plaintiff may recover in this suit, but they have no right to lay their hands on any portion of the money to be recovered.
Maule, J.,
observed that Cramond was no party to the contract with the defendant, and therefore could have no right to sue, and was not necessarily, nor could he be properly a party to the record. That the meaning of the proviso in the act was, that no person who is the formal party to the record shall' be called as a witness, nor any person who, though not the formal plaintiff, is yet substantially so. For instance, suppose a man assigns a bond, and sues the obligor on behalf of the assignee, the latter would be a person for whose immediate and individual behalf the action was brought, and therefore not an admissible witness.
These views appear to me to commend themselves as clear ahd sensible expositions of the act, and to apply with great force to the case before me; and I should have had no hesitation in saying that the witnesses examined under the commission in this cause were entirely competent, and that a second commission was useless, were it not that a directly contrary decision has been given at a general term of the supreme court held in Delaware county in June last, in the case of The President of the Bank of Ithaca v. Bean and others, (2 Code Reporter, 133.) The court there held that the stockholders compose the corporation, and that to say the suit is brought for the immediate benefit of the corporation, and not that of the stockholders, is making a distinction in a case where none is perceptible, and decided that the president of a bank, who is also a stockholder, is not a competent witness for the plaintiff. With all due respect for the learned judges who pronounced that decision, I cannot acquiesce in its correctness, or in the reasoning on which it was founded. But yet, upon this interlocutory motion, I do not think it proper to withhold from the plaintiff the opportunity of obviating objection, if he wishes to do so; *690 and will therefore allow a second commission to issue upoe terms.(a)

 The principle of this decision was affirmed by Duer, Mason, and Campbell, J. J., in Davies, &c., assignees of Wilder v. Crabtree and others, in the general, term, December, 1850. It was there decided that the assignor in a voluntary general assignment for the benefit of creditors, was a competent witness in a suit brought by his assignees. And see Bank of Charleston v. Emeric, and Erie R. R. Co. v. Cook, post.