Jewett, J.,
 

 (after stating the facts.) — The first question is, whether the service of the notice of non-payment of the notes and protest was sufficient to charge Marsh as an indorser. This was a case where notice by mail, if sent, directed to the defendant at the ^proper - ^ place, would be sufficient, as the defendant did *- not reside in the town or place where the notes were payable. It is supposed by the counsel for the defendant, that the rule on this subject requires, that the notice, when sent by mail, to be sufficient, must be sent to a post-office in the town or village where the indorser resides, unless the indorser has, at the time of indorsing, specified the post-office to which notice is to be addressed. The post-office at Canajoharie was thus specified on the back of the note for $1000, payable at the Bank of the State of New York, under the name of the defendant Marsh; but that was done by the cashier of the plaintiff’s bank, without the direction or assent of Marsh, and, of course, cannot be allowed to affect him.
 

 The rule of law in respect to the question under consideration was correctly stated by the chancellor in
 
 Remer
 
 v.
 
 Downer
 
 (23 Wend. 620), that if the drawer of a bill of exchange, or the indorser of a bill or note, does not reside in the town or place where such bill or note is payable, the notice of dishonor may be sent by mail, directed to him at the place of his residence, or if he is in the habit of receiving his letters and papers through the post-office in an adjoining town, the notice may be directed to him at
 
 either
 
 place.
 
 (Reid
 
 v.
 
 Payne,
 
 16 Johns.
 
 *484
 
 218;
 
 Bank of Geneva
 
 v.
 
 Howlett,
 
 4 Wend. 328;
 
 Downer
 
 v.
 
 Remer,
 
 21 Id. 10, where the rule is stated by Judge Bronson;
 
 Seneca County Bank
 
 v.
 
 Neass,
 
 3 N. Y. 442.)
 

 This rule must be understood, however, not to apply to a case where the drawer of indorser of a bill, or an indorser of a promissory note, &c., at the time of affixing his signature as drawer or indorser, has specified therein the post-office to which the notice is to be addressed. (Laws of 1835, c. 141.) It follows, that the notices of protest, sent by the mail, addressed to the defendant Marsh, at Canajoharie, were sufficient to charge him as indorser of the notes, although he, at the time the notes were made and indorsed, and at the time they became payable, resided in Palatine; because it appears that he was in the habit of receiving his letters to a considerable extent at the post-office in Canajoharie, to which, for that purpose, he was in.the habit of resorting almost * 485 1 <^a^r’ w^ien a* home. The evidence shows *that he kept a letter-box at that post-office, and received most of his letters at that office, during the summer and fall of 1848, although he received some at the post-office in the town in which he resided. In addition to that, it was shown, that he had dated three of his letters, directed to the plaintiff’s cashier, in May and July of that year, at Canajoharie.
 

 The remaining question arises upon the exception taken to the decision of the judge, admitting James Wells as a witness for the plaintiff, notwithstanding he was a stockholder in the bank, at the time. The 398th section of the code declares, that no person offered as a witness shall be excluded by reason of his interest in the event of the action, and § 399 provides, that the last section shall not apply to a
 
 party
 
 to the action, nor to any person for whose
 
 immediate
 
 benefit it is prosecuted or defended, nor to any assignee of a thing in action, assigned for the purpose of making him a witness. Wells, though- a stockholder in the plaintiff’s bank, is
 
 *485
 
 not a
 
 party
 
 to the action, nor a person for whose
 
 immediate
 
 benefit it is prosecuted, within the meaning of § 399, and was, therefore, a competent witness in favor of the bank.
 
 (Pack
 
 v.
 
 Mayor of New York,
 
 3 N. Y. 489, 493;
 
 Washington Bank
 
 v.
 
 Palmer,
 
 2 Sandf. 686;
 
 N Y. and Erie Railroad Co.
 
 v.
 
 Cook,
 
 Id. 732.) The judgment should be affirmed, with costs.
 

 Judgment affirmed.