JAMES L. APPERSON v. THE MUTUAL BENEFIT LIFE IN-SURANCE COMPANY.

Where a corporation is a party to the record, neither the president, secretary, the individual directors nor stockholders are parties to the action, and they cannot be examined after issue joined, and before the trial of said action, under section one hundred and fifty-nine of the practice act.

Argued at November Term, 1875, before Justices SCUDDER and REED.

Apperson v. Mutual Benefit Life Insurance Co.

*G. Collins,* for plaintiff, moved for an order to examine the president and secretary of the company, after issue joined and before the trial of said action, under section one hundred and fifty-nine of the practice act. *Rev.,* 1874.

The opinion of the court was delivered by

SCUDDER, J. The section under which this motion is made, provides that *any party to an action* in the Supreme or Circuit Court may be examined as a witness at the instance of any adverse party or parties, after issue joined in said action, and before the trial of said action. The term party to an action means party to the record. Where a corporation is a party to the record, neither the president, the secretary, the individual directors nor stockholders are parties to the action. A corporation has a distinct legal existence as a person, or party capable of suing and being sued, and process against it brings only such artificial body into the court. By statute, process may be served on some designated officers of the company, but such service brings the corporation, and not the individual served, into court.

The officers of a corporation are but its agents, who represent it in the discharge of its purposes, within the limits prescribed to each, and being such limited agents they do not stand upon the record as principals or parties to the action. The party is the person for whose immediate interest the suit is prosecuted, and whose name appears on the record. Such construction has been adopted where similar terms have been used in other sections in the New York code. See *ch.* 6, §§ 389–391, 292; *Pack* v. *Mayor of New York,* 3 *Comst.* 489; *Washington Bank* v. *Palmer,* 2 *Sandf.* 686; *New York and Erie R. R.* v. *Cook, Ib.* 732; *Montgomery County Bank* v. *Marsh,* 3 *Seld.* 485; 3 *Phillips' Ev.* (*ed.* 1868) 98, &c.; *Hinds* v. *Canandaigua, &c., R. R.,* 10 *How. Pr. R.* 487.

These proceedings at law come in place of a discovery in equity against parties, and while there should be a liberal construction to attain the purpose of the act, we cannot enlarge its terms. The motion is refused.