LUND & SMITH BROS., Appellees, v. E. H. McCUTCHEN, Appellant.

Contract: CONSTRUCTION.

*Appeal from Ida District Court.*—HON. JAMES H. MACOMBER, Judge.

MONDAY, OCTOBER 19, 1891.

THIS is an action for an amount claimed to be due upon a written contract between the parties by which the plaintiffs sold to the defendant a stock of hardware and machinery. There was a demurrer to the petition, which was overruled. The defendant excepted to the ruling and stood upon his demurrer, and from a judgment rendered against him he appeals.—*Reversed.*

*Warren & Buchanan,* for appellant.

*R. H. Smith* and *Bradshaw & McGiffin,* for appellees.

ROTHROCK, J.—The question involved in this appeal arises upon the construction which the respective parties claim should be given to the written contract. It appears from the contract that the terms of the sale were fixed thereby, so far as they could be, without an invoice. It was provided, first, that all the goods in the front room of the hardware store should be invoiced to the defendant at cost price, to be determined by the original bills of said goods and by invoice. Tinware was to be invoiced at regular list price and discounts. All wagons not held on commission were to be taken by the defendant at cost. The tinner's tools were to be taken at the sum of two hundred dollars. The furniture and fixtures of the store, which were in good condition, were to be taken at cost, without freight. The contract then provides as follows: "All other stock, being the balance of stock on hand at time of invoice, to be invoiced, where in a salable condition, at cost price to party of the first part, with eight per cent. on net cost price added for freight on same, except such goods as are bought free of freight."

This action is founded upon the claim that, under the written contract, the defendant was bound to pay eight per cent. on the net cost price, as provided in the extract from the contract above set out. The part of the contract relating to binding twine is as follows:

"Party of the second part agrees to take all the binding twine in store belonging to party of the first part at date of invoice, the same to be receipted for by party of the second part at the date of invoice; the price

and terms of payment of said twine to be determined by the price at which the Deering Machine Company and the McCormick Machine Company shall sell twine of the same quality to dealers for the year 1889; price to be fixed on or about February 1, 1889. Party of the first part agrees to pay party of the second part the amount of premiums of insurance on said twine, same to be computed *pro rata* with annual premiums on other stock at same rate, and to begin on completion of invoice and continue till June 1, 1889."

The contract was entered into on the twentieth day of September, 1888, and it appears from the averments of the petition that at that time the plaintiff had in stock about nine thousand pounds of binding twine, and that the price of the same, when ascertained in the manner fixed by the contract, amounted to fourteen hundred and thirty-three dollars and forty cents. The plaintiffs claim that they are entitled to eight per cent. on this amount for freight. This claim is founded on that provision of the contract providing for eight per cent. to be added for freight on all stock other than that previously enumerated. If there were nothing in the contract qualifying this stipulation, the plaintiffs would be entitled to the eight per cent. on the cost price "to party of the first part." This clause of the contract expressly provides that the eight per cent. shall be added to the cost price of that part of the stock referred to, and it also contemplates that said stock shall then be invoiced. But the stipulation which follows in regard to the binding twine is manifestly a special provision, having no reference to the net cost of the twine when it was purchased by the plaintiffs. The price to be paid for it was to be ascertained in an entirely different manner. The price and terms of payment, as between the parties to the contract, were to be determined by the price at which the machine companies named should sell twine of the same quality to dealers for the year 1889, to be fixed on or about February 1 of that year. This is a specific means by which the price is to be ascertained. It has no reference to freight to be added, nor to the price which the plaintiffs paid for the twine. It was their property,—stock on hand,—and presumably paid for, and the price paid was not the standard by which it was sold to the defendant. It appears to us very plain that the clause of the contract providing for eight per cent. added had no reference to the binding twine. It applies to such stock only for which the defendant was to pay cost price.

The demurrer to the petition should have been sustained. REVERSED.