ABRAHAM SCHULDER and WILLIAM SCHULDER, Doing Business as A. SCHULDER & SON, Respondents, *v.* EDWARD R. LADEW COMPANY, INC., Appellant.

First Department, June 8, 1917.

**Sale — delivery of goods after time set therefor — waiver of time limit set for performance — subsequent refusal of vendor to deliver balance of goods.**

Although goods to be delivered under a written contract of sale were, by the terms of the contract, to be taken by the vendee within six months, where as a matter of fact the time limit was not insisted upon by either

party and the vendor, after the expiration thereof, delivered installments of the goods which were accepted by the vendee, there was a waiver of the time limit, and the vendor when sued for a subsequent refusal to complete the contract cannot escape liability for the breach on the theory that it was at liberty to repudiate the contract at any time subsequent to the expiration of the six months' period and to demand a higher price for the balance of the goods.

Where the continuance of the performance of a contract is permitted after the expiration of the period of performance, the party who might have elected to insist upon the performance within the time agreed upon is deemed to have waived the time for performance and if he thereafter desires to limit the time for performance it is incumbent upon him to give notice requiring performance within a reasonable time. Such rule is binding equally upon vendor and vendee.

APPEAL by the defendant, Edward R. Ladew Company, Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of January, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

*Frank L. Crocker,* for the appellant.

*Samuel Bitterman,* for the respondents.

LAUGHLIN, J.:

This is an action to recover damages for breach of a contract in writing made between the plaintiffs and the estate of Edward R. Ladew upon the 7th of October, 1913. On the 16th of September, 1913, said estate, by a letter addressed to the plaintiffs referring to negotiations resting in parol, advised plaintiffs that the estate would accept an order for 200,000 feet of five-sixteenths inch gold-tan belting to be taken on or before January thirty-first at the price of forty-two dollars per 1,000 feet. The contract upon which the action is based is in the form of an order by plaintiffs and addressed to said estate, the body of which is as follows: " Please ship the following: 200,000 feet 5/16″ full Gold Tan Belting @ $42.00 per M feet, to be taken in 6 months. 20,000 ft. 1/4″ Gold Tan @ $28.80."

The order was accepted by the Ladew estate by entering

the same upon its books and transmitting it to the factory for manufacture and by delivering 32,500 feet of the belting within the six months. Within the specified period of six months and in March, 1914, the defendant was incorporated and succeeded to the business of the Ladew estate and took over this contract, and thereafter and after the expiration of the six months' period and from time to time down to the month of January, 1915, the defendant delivered to the plaintiffs pursuant to the contract 30,293 feet more of the five-sixteenths inch belting, leaving 137,207 feet undelivered. The one-fourth inch belting is not involved. The order appears to have been construed by the parties as calling for shipments in installments from time to time as required by plaintiffs; and specifications of the quantity desired were given from time to time by letter and by telephone. No questions arose between the parties concerning the expiration of the specified period of six months and in so far as specifications were subsequently given by plaintiffs and deliveries made by defendant they were concededly made and delivered pursuant to the contract on the theory that it continued in force. On the 12th of January, 1915, the defendant wrote plaintiffs stating that it withdrew all prices and would be glad to quote new prices. Neither before writing that letter nor thereafter did the defendant tender delivery of the unfilled part of the order or give the plaintiffs notice limiting the time for taking the same. At the time the defendant thus refused to make further deliveries pursuant to the contract the market price of the belting had increased eight dollars per 1,000 feet over the contract price.

The plaintiffs have recovered on the basis of this difference in price on the theory that by the action of the parties the contract continued in force and the specified time was waived. The facts were submitted to the court by motions for the direction of a verdict, but the court submitted to the jury the question as to whether the parties intended to continue the contract in its entirety and the jury found that they did. The defendant, admitting that the deliveries subsequent to the expiration of the period of six months were made pursuant to the contract, contends that such action continued the contract merely with respect to the deliveries made, but that

it was at liberty at any time subsequent to the expiration of the six months' period, notwithstanding the fact that it had accepted specifications and made deliveries after that period, to decline to accept further specifications or to make further deliveries, in the absence of an express agreement or a new consideration or express evidence upon which an estoppel may be predicated. If the defendant were suing the plaintiffs for a breach of the contract in failing to accept deliveries tendered after the expiration of the specified period and it appeared, as it does here, that the plaintiffs had made specifications and accepted deliveries in recognition of the contract after the expiration of the period specified, without calling on the defendant for the delivery of the balance or giving the defendant notice requiring it to deliver within a reasonable time, I think there could be no question under the authorities but that the plaintiffs would be precluded from preventing full performance by the defendant and would be answerable to the defendant under the contract subject to any claim for damages sustained by the plaintiffs in consequence of its failure to perform within the time specified. The general rule is that where the continuance of the performance of a contract is permitted after the expiration of the period for performance the party who might have elected to insist upon performance within the time agreed upon is deemed to have waived the time for performance and it is incumbent upon him, if he thereafter desires to limit the time for performance, to give notice requiring performance within a reasonable time. (*St. Regis Paper Co.* v. *Santa Clara Lumber Co.,* 186 N. Y. 89, 98; *Deeves & Son* v. *Manhattan Life Ins. Co.,* 195 id. 324; *Kelly* v. *St. Michael's Roman Catholic Church,* 148 App. Div. 767; *General Supply & Construction Co.* v. *Goelet,* 149 id. 80; *Barnett* v. *Sussman,* 116 id. 859; *Murray* v. *Harbor & Suburban B. & S. Assn.,* 91 id. 397; *Lawson* v. *Hogan,* 93 N. Y. 39.) No authority is cited where this precise question arose with respect to a contract for the sale of goods, but in Williston on Sales (§§ 467, 458) the author states the rule to be that the acceptance of further performance after a breach operates as a waiver of the right of the party so accepting performance to prevent full performance. Where time of performance is waived by

the action of the parties no new agreement or consideration is required nor is it essential that a technical estoppel be shown. (*Clark* v. *West*, 193 N. Y. 349, 360; *Thorne* v. *French*, 4 Misc. Rep. 436; affd., 143 N. Y. 679; *Toplitz* v. *Bauer*, 161 id. 325, 333; *Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 id. 190, 194, 195.) It is, however, fairly to be inferred here that the defendant led the plaintiffs to believe that it regarded the contract still in force and would make deliveries of the unfilled part of the order when required by the plaintiff. Under the authorities cited it is quite clear, I think, that the defendant could have held the plaintiffs to performance notwithstanding the expiration of the specified period for delivery. If the contract remained binding at all it was mutually binding.

It follows, therefore, that the judgment and order should be affirmed, with costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Judgment and order affirmed, with costs.