MAITLAND F. GRIGGS and JOHN B. GRIGGS, as Administrators, etc., of LIZZIE G. NICHOLS, Deceased, Respondents, *v.* RENAULT SELLING BRANCH, INC., Appellant.

First Department, November 9, 1917.

Sale — waiver of time of delivery — evidence — conversation between plaintiff's intestate and defendant's secretary not inadmissible under Code of Civil Procedure, section 829 — when witness not interested so as to bar testimony — action by purchaser to recover deposit upon non-delivery — proof of performance or tender of performance by plaintiffs — notice requiring defendant to perform within reasonable time — res adjudicata — counterclaim.

Where a contract for the purchase of an automobile provided for delivery on or before a certain date, and that in the event of delivery not being made within thirty days from said date purchaser might cancel order and demand return of deposit paid, the purchaser by calling on the defendant and making inquiries concerning possible delivery several months after the date fixed therefor, waives her right to delivery on said date.

In an action by the administrators of such purchaser to recover the deposit made by her, it is error for the trial court to reject testimony under section 829 of the Code of Civil Procedure, of the defendant's secretary who was one of its directors but not a stockholder, as to a conversation with the purchaser, establishing a modification of the contract alleged as a defense.

The provision of section 829 of the Code of Civil Procedure that " a person shall not be deemed interested for the purposes of this section by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding or interested in the event thereof " does not carry with it the inference that the Legislature intended that the officers of corporations other than banking corporations should be disqualified.

There is nothing in the statute law changing the common-law rule with respect to what interest disqualifies a witness.

Plaintiffs by relying upon the failure of defendant to perform were not bound to prove performance or tender of performance on their part, because there was nothing that they or their intestate had to do except to pay the agreed price.

In an action to recover a deposit payable on non-delivery, proof of tender of payment is unnecessary when it appears from the pleadings that the defendant has not delivered or offered to deliver.

The time of performance having been waived by the parties, the rule that the plaintiffs could not thereafter rescind without notice to defendant requiring performance within a reasonable time, does not apply because the contract of sale entitled the purchaser to a return of the deposit paid on non-delivery.

Although there was no proof of any cancellation of the order, it may be inferred from the demand for the deposit.

Assuming that there was no modification of the contract as claimed by the defendant, a reasonable time had elapsed, the defendant being nearly two years in default and concededly unable to deliver.

A general verdict in a former action between the parties upon the same cause of action rendered in defendant's favor, upon the sole ground of the plaintiffs' failure to prove a demand for the return of the deposit before suit, is not *res adjudicata* between the parties that the contract sued upon was modified so as to estop the plaintiffs from suing again on the original contract.

The judgment in the former action is not a bar to the defendant's counterclaim in this action, based upon the alleged modification agreement, and repudiation thereof by the plaintiffs.

The defendant's counterclaim is not insufficient under section 506 of the Code of Civil Procedure, upon the ground that there was no breach during the lifetime of the deceased, because the plaintiffs' cause of action is likewise not founded upon a breach during the lifetime of the deceased.

APPEAL by the defendant, Renault Selling Branch, Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of February, 1917, upon the verdict of a jury rendered by direction of the court.

*Walter Carroll Low,* for the appellant.

*Louis J. Wolff* [*Adolph L. Pincoffs* with him on the brief], for the respondents.

SHEARN, J.:

This action was brought to recover the sum of $1,000 paid on account of the purchase price of an automobile. The contract, dated July 29, 1914, was in writing and with

respect to delivery provided that " The said car shall be delivered to me before November 15, 1914. In the event of delivery not being made within thirty days from the date agreed upon, purchaser may cancel order and demand return of deposit paid, but without any other indemnity or interest." The car was to be of French manufacture and to be fitted with a special type of limousine known as the " Kellner coupe." It appears that the defendant was unable to make delivery as per contract on account of the outbreak of war. The purchaser, Mrs. Nichols, did not elect to cancel the order. On the contrary, the evidence shows that as late as April, 1915, she called on the defendant and made inquiries concerning the possible delivery of the car, thus waiving the right to a delivery on or before November 15, 1914. It further appeared that Mrs. Nichols called at defendant's office in June, 1915, and had a conversation with the secretary of the defendant corporation. The secretary was one of the defendant's directors but, as is permitted under the laws of this State, he was not a stockholder. The defendant sought to bring out from this witness a conversation with Mrs. Nichols in order to establish its defense that in June, 1915, it was agreed to modify the contract by providing that Mrs. Nichols should accept in the place of the Kellner-built body, an American-built body to be constructed by either F. R. Wood & Son or Locke & Co., builders of automobile bodies in the city of New York, such American-built body to be of the same design and follow the same specifications as the body mentioned in the written contract and that Mrs. Nichols should have the privilege of selecting one of two American body builders and advising the defendant thereof and that thereupon the defendant should employ such American body builder to construct a body in accordance with the blueprints and specifications of the Kellner coupe. Mrs. Nichols died in September, 1915, and the selection was never made by her or by the plaintiffs. The testimony was excluded under section 829 of the Code of Civil Procedure. If it had been admitted, the testimony, if believed, would have established the defense, as we are able to determine from this record, which contains the testimony in question, this testimony having been admitted upon a previous trial.

There appears to be no reported case in this State holding that an officer of a business corporation who is not a shareholder therein is disqualified as a witness under section 829 of the Code. Stockholders are disqualified on the ground that they have a direct interest in the controversy. (*Andrews* v. *Reiners,* 112 App. Div. 378; *Keller* v. *West, Bradley & Cary Mfg. Co.,* 39 Hun, 348.) In *Andrews* v. *Reiners (supra)* it was held that the test of interest in a witness under section 829 of the Code is the old common-law rule of interest. At common law parties to an action or persons interested in the controversy were disqualified as witnesses generally and could not testify. That rule classed stockholders of a corporation as interested witnesses in favor of the corporation in an action by or against it. (*Andrews* v. *Reiners, supra; Gilbert* v. *Manchester Iron Mfg. Co.,* 11 Wend. 627.) But to cause such disqualification it had to appear that the person offered as a witness was then a stockholder. (*Gilbert* v. *Manchester Iron Mfg. Co., supra; Utica Insurance Co.* v. *Cadwell,* 3 Wend. 296; *Stall* v. *Catskill Bank,* 18 id. 466.) It was even held that when a witness was called to testify and objection was made to his competency on the ground that he was a stockholder, which objection was sustained, and he thereupon made a transfer of the stock to plaintiff's counsel and was again offered as a witness and the same objection made, that he was then competent to testify. (*Bank of Utica* v. *Smalley,* 2 Cow. 770.)

Applying the rule laid down in *Andrews* v. *Reiners (supra),* that the test of interest in a witness under section 829 of the Code is the old common-law rule of interest, we find that officers of business corporations holding no stock interest therein, at common law, were not disqualified as witnesses. (*Stall* v. *Catskill Bank, supra,* 473.) The officer who was permitted to testify in *Stall* v. *Catskill Bank (supra)* was the cashier of a banking corporation — an official whose relation to the corporation and whose responsibility in its management are much more important than the usual role of a secretary or that of a dummy director who has no stock interest in the corporation.

In 1848 the common-law rule relating to the competency of witnesses was changed by statute and all persons not

parties to the action were made competent witnesses irrespective of whether they had an interest in the event of the action or not. (Code Proc. §§ 351, 352; Laws of 1848, chap. 379.) These provisions were re-enacted in sections 398 and 399 of the Code of 1849. (Laws of 1849, chap. 438.) Under the latter statute it was held that stockholders of a corporation were competent to testify in actions by or against it. (*Washington Bank* v. *Palmer,* 2 Sandf. 686; *Montgomery County Bank* v. *Marsh,* 7 N. Y. 481.) This was the situation up to 1876 when section 829 of the Code of Remedial Justice, later known as the Code of Civil Procedure, was enacted. (See Code Proc. §§ 398, 399, as last amd. by Laws of 1869, chap. 883; Code Civ. Proc. [Laws of 1876, chap. 448], § 829, as amd. by Laws of 1877, chap. 416.) It is quite clear that up to 1876, both at common law and under the statute, officers of corporations were competent to testify in actions by or against them. Section 829 of the Code of Civil Procedure, providing that witnesses interested in the event should not be examined as witnesses against legal representatives of a deceased concerning a personal transaction of such deceased, was amended in 1881 by adding thereto the following clause: " A person shall not be deemed interested for the purposes of this section by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding, or interested in the event thereof." (Laws of 1881, chap. 703.) It is urged that the amendment carried with it the inference that the Legislature intended that the officers of corporations other than banking corporations should be disqualified. But this is answered to the contrary in *Bopple* v. *Supreme Tent* (18 App. Div. 488). There is, therefore, nothing in the statute law changing the common-law rule with respect to what interest disqualifies, and as the common-law rule of interest is the test of interest within the prohibition of section 829 of the Code, as held in *Andrews* v. *Reiners* (*supra*), it follows that the rejected testimony of the defendant's secretary was competent.

The same conclusion is reached by applying the test of interest under section 829 of the Code as defined in a number of cases where the question arose in cases other than those

involving the officers or stockholders of a corporation. " The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote or contingent." (*Talbot* v. *Laubheim,* 188 N. Y. 421, 426.) Under this definition of interest the courts have held that relatives of a party to the action, such as the husband or sisters of a party, are not, by reason of such relationship, disqualified, and may testify. (*Whitman* v. *Foley,* 125 N. Y. 651; *Savercool* v. *Wilsey,* 5 App. Div. 562.) And the same has been held regarding employees or agents of a party. (*Whitman* v. *Foley, supra.*)

It is strongly urged that, considering the great multiplication of corporations and the increasing tendency to do business through the medium of corporations, it is subversive of the spirit of the statute and dangerous to permit a corporation to introduce in evidence conversations that cannot be denied, taking place between a deceased person and officers, agents and employees of the corporation. But that is an argument that must be addressed to the Legislature, which has the power to legislate and correct abuses whereas the court merely has power to interpret, apply and enforce existing law. It must be held, therefore, that the court erred in excluding the testimony in question.

Numerous other questions are raised on this appeal which require consideration. Defendant insists that the complaint should have been dismissed because, as it claims, plaintiffs failed to make the necessary proof. It is said that if plaintiffs relied upon defendant's *refusal* to perform the contract, as alleged in paragraph 7 of the complaint, it was necessary to show not only the refusal but that plaintiffs were ready and willing to perform the contract on their part. But plaintiffs did not rely solely upon a refusal to perform; and if they had the readiness of the plaintiffs' intestate to perform could readily be inferred from the circumstances of the case (*Howard* v. *Daly,* 61 N. Y. 362, 370), as developed during the trial, with which defendant proceeded without resting on its motion to dismiss.

Then it is claimed that if plaintiffs relied upon the *failure* of the defendant to perform, they were bound to prove performance or tender of performance on their part. This is unsound because there was nothing that plaintiffs' intestate or the plaintiffs had to do except to pay the agreed price for the car. It would be absurd to require proof of tender of payment in an action to recover a deposit repayable on non-delivery, when it appeared from the pleadings that the defendant had not delivered or offered to deliver the car.

A more troublesome point is that the complaint should have been dismissed because, the time of performance stipulated in the contract having been waived by the parties, plaintiffs could not thereafter rescind without notice to defendant requiring performance within a reasonable time and there was no proof of such notice. We think, however, that this rule does not apply because the contract of sale entitles the purchaser to a return of the deposit paid on non-delivery of the car. True that is coupled with non-delivery within thirty days from the date agreed upon, but we think this, fairly interpreted, amounts to an undertaking on the part of the defendant to return the deposit after cancellation of the order for failure to deliver within a reasonable time, the original date specified for delivery having been waived. There was no proof of any cancellation of the order in terms but the cancellation could readily be inferred from the demand for the deposit. Assuming that there was no modification of the contract as claimed by the defendant, there can be no question about the lapse of a reasonable time in a case where the defendant was nearly two years in default and concededly was unable to deliver the car.

The answer sets up as a special defense that the alleged modified contract was broken and repudiated by the plaintiffs and that as the same defense was set up in defendant's answer in a former action between the parties upon the same cause of action, in which a general verdict was rendered in defendant's favor upon the court's direction because of plaintiffs' failure in that case to prove a demand for the return of the deposit, the former judgment was *res adjudicata* between the parties that the contract sued upon was modified and that adjudication estopped the plaintiffs from suing again on the

original contract. We do not think it should be so held in view of the fact that the sole basis for the direction of a verdict was the failure of the plaintiffs to prove a demand for the return of the deposit before suit. The result contended for by the appellant would be unreasonable, especially in view of the trial court having said, in connection with directing the verdict upon the former trial: " I find as a matter of fact that she never agreed to accept any other body than the one specified in the contract; that she only agreed to take into consideration whether she would accept such other body."

It is claimed that by bringing the former action, when defendant was not in default, plaintiffs repudiated the contract and put themselves in default, and for that reason cannot recover in this action. But unless the contract was modified, as alleged by the defendant, when the former action was brought the defendant was in default for non-delivery within a reasonable time after November, 1914, and the only reason why plaintiffs failed to recover in the former action was because they had omitted the technical demand for a return of the deposit. Plaintiffs have not repudiated the original contract but are standing upon it and asking for the return of the deposit pursuant to agreement.

On the other hand, it is contended on behalf of the plaintiffs that the judgment in the former action is a bar to the defendant's counterclaim in this action, which is based upon the alleged modification agreement and repudiation thereof by the plaintiffs, for the reason that on the former trial evidence was received in support of this counterclaim and at the conclusion of the entire case judgment was directed generally in favor of the defendant. The defendant resists this contention upon the claim that it withdrew its counterclaim during the trial because of inability to prove damages on account of the absence of a witness. We do not think that would be a sufficient answer to plaintiffs' contention, for when sued upon the contract that was the time when the defendant was compelled to come forward with any counterclaim growing out of the cause of action relied upon by the plaintiffs. It could not wait and litigate at some other time a claim growing out of the breach of that contract or breach

of a modified form of that contract. But to hold that the judgment in the former action is a bar to defendant's counterclaim herein requires one to shut one's eyes to the fact that although the court's decision took the form of a directed judgment in favor of the defendant nothing whatever was determined in the action except that the plaintiffs could not recover because of their failure to prove a demand for the return of the deposit before suit, the court even saying that the verdict was directed " without prejudice to the rights of the plaintiffs to make that demand, and if not fulfilled, then to recover their $1,000."

There is no merit in plaintiffs' contention that defendant's counterclaim is insufficient under section 506 of the Code since there was no breach during the lifetime of the deceased, because the plaintiffs' cause of action is likewise not founded upon a breach during the lifetime of the deceased but accrued subsequently.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., and DAVIS, J., concurred.

SCOTT, J. (concurring):

I entirely agree with Mr. Justice SHEARN that the evidence of defendant's secretary as to the new contract, or modification of the former contract, should have been received.

If that evidence were in the case and was believed it would, I think, be necessary for plaintiffs to show that either they or their intestate had selected the maker for the body, had notified defendant of their choice and had allowed a reasonable time for the building of the body and the delivery of the automobile. That is what the intestate would have been obliged to do if she had lived, and the plaintiffs stand in her shoes. On the other hand, if the secretary's evidence be not believed, the state of the case would be that defendant defaulted in making delivery within the time specified in the contract and was so in default when Mrs. Nichols died, and that she had never waived performance, although she had not demanded the return of the down payment. Mere omission to claim the results of a default does not excuse the default, although it may render necessary a new demand.

Such a demand it is conceded the plaintiffs made.   Therefore, if the evidence sought to be given by the secretary of defendant should be disbelieved by the jury the plaintiffs would be entitled to recover.   The rejected evidence, therefore, is of vital importance in the case for if that be believed and the defendant can prove the allegations of its counterclaim it may turn out that it is the plaintiffs and not the defendant who are in default.

I, therefore, agree that the judgment should be reversed and a new trial granted.

SMITH, J. (concurring):

I concur with Mr. Justice SHEARN that it was error to exclude the evidence of the defendant's secretary, and that if the defendant failed to show a modification of the contract the plaintiffs' right to recover would follow.   If the contract be deemed modified, as claimed by the defendant, however, it became a contract to supply to the plaintiffs' intestate an automobile with a body of a certain design to be built by one of two builders to be selected by the plaintiffs' intestate. There is no allegation in the complaint that the plaintiffs' intestate negligently or unreasonably delayed in making her relection.   She died, however, in September, 1915, before making such selection.   Whether after the death of Lizzie G. Nichols, her administrators might have selected a body builder and demanded performance of the contract is not necessary here to decide.   It would seem clear that without such action the administrators could not recover the $1,000 paid, because the same was to be repayable only upon the defendant's default upon the contract, and defendant is not in default under the modified contract until it is notified of the body builder so selected.

Nor, in my judgment, can the defendant insist that the executors select a body builder, and for their refusal so to do recover as upon a broken contract.   The automobile contracted for was presumably for personal use.   The body to be furnished, although specified in detail, was to be built by certain makers whom plaintiffs' intestate might personally select.   In view of the use to which the body was presumably to have been put, under the reservation by plaintiffs' intestate

that she might personally select the makers of that body, in my opinion the defendant cannot insist, upon her death before such selection, that the administrators shall exercise the right of personal selection given to her, and for failure to do so declare the contract broken and recover damages therefor.

I, therefore, concur in the conclusion reached by Mr. Justice SHEARN for reversal and a new trial.

Judgment reversed and new trial ordered, with costs to appellant to abide event.