SOLTER et al. v. LEEDOM & WORRELL CO. et al.

In re CHARLES WACKER CO.

(Circuit Court of Appeals, Fourth Circuit.   May 7, 1918.)

No. 1564.

SALES ⬅1(4)—DEFINITENESS OF CONTRACT—PRICE.

    Contract of sale of a certain new packer's standard tomatoes, price guaranteed against decline, to date of shipment, of packs of standard tomatoes of named well established and known packers, under rule that that is definite and certain that can be made so, is not too indefinite as to price, which is the lowest market price reached; standard tomatoes having a market value to the same extent and degree as grains.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in bankruptcy; John C. Rose, Judge.

In the matter of the Charles Wacker Company, bankrupt.   From the District Court decree (244 Fed. 483), reversing the referee's order disallowing claims of the Leedom & Worrell Company and others, the trustees, George A. Solter and another, appeal.   Affirmed.

Richard S. Culbreth, of Baltimore, Md., for appellants.

Alexander Hardcastle, Jr., and Carl R. McKenrick, both of Baltimore, Md. (Bartlett, Poe & Claggett, of Baltimore, Md., on the brief), for appellees.

Before PRITCHARD and WOODS, Circuit Judges, and CONNOR, District Judge.

WOODS, Circuit Judge.   In the course of the bankruptcy of the Charles Wacker Company, the District Court held, contrary to the contention of the trustee, that the following instrument constituted a contract sufficiently definite to bind the bankrupt for damages for its breach.

    "A. E. Kidwell & Company, Canned Goods Brokers, 125 Cheapside, Baltimore, Md.

    "Sold to J. M. Radford Gro. Co., Abilene, Tex., for account of the Chas. Wacker Co., Baltimore, Md.:

    "4,000 c/s No. 2 Wacker's Best Brand future 1916 packed standard tomatoes, in sanitary tins.................... .60 per doz.

    "1,000 c/s No. 3 Wacker's Best Brand future 1916 packed standard tomatoes, in sanitary tins.................... .80 per doz.

    Prices guaranteed against decline of the following reliable packs of standard tomatoes to date of shipment: Roberts Bros., Big R Brand, Numsen's Clipper Brand, Langrall's Maryland Chief Brand, Schall's Terrapin Brand, McGrath's Champion Brand, Torsch's Peerless Brand, Foote's Compass Brand, Booth's Oval Brand.

    "Terms: Cash less 1½% in 10 days f. o. b. Balto.   Usual guaranty of six months against swells and leaks.   Goods guaranteed to comply with the national Pure Food Laws.

    "Ship: 100% delivery guaranteed.

    "Shipment at packer's option during packing season.

                        "A. E. Kidwell & Co., Brokers.

                        "J. M. Radford Grocery Co.,

                            "E. G. Boyer, Sect'y.

"1/24/16 Baltimore.          Accepted:   The Charles Wacker Co.,

                                     "Chas. Wacker."

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The trustee appeals, insisting that there was no contract because the price was too indefinite.

When parties sign an instrument intended by them to be a binding contract, the duty of courts is imperative to give effect to it, if by any reasonable construction its meaning can be made to appear reasonably definite as to quantity, price, and other essentials. In applying this rule, that is regarded definite and certain which can be made so. By stipulation it was agreed:

"That No. 3, No. 2, No. 1, and No. 10 standard tomatoes have a market value to the same extent and degree that grains and other standard commodities have. That the reason for having these contracts guaranteed against decline in prices was to enable the Charles Wacker Company to introduce its goods in competition with the goods of the packers whose names appear as those against which the declines were guaranteed; they being well-established and well-known manufacturers of canned goods, while the Wacker Company was comparatively new at the business."

The Maryland statute provides:

"The price may be fixed by the contract, or may be left to be fixed in such manner as may be agreed, or it may be determined by the course of dealings between the parties." Bagby's Code, art. 83, § 30.

This statute is a formulated statement of the recognized rule. The clear meaning of the instrument, in the light of the admissions in the stipulation, was that the Charles Wacker Company sold the tomatoes for the price stated, but agreed to an abatement to any lower price that the purchaser might be able to show the standard brands mentioned had reached during the life of the contract. These brands being well established and well known, no intrinsic difficulty is perceived in proving the range of prices for the period contemplated. The contract as to price was thus in effect fixed at the prices stated for goods of a recognized market grade, subject to reduction in price to the lowest point reached in the price of such goods within the period. This made the price capable of judicial ascertainment. Ames v. Quimby, 96 U. S. 324, 24 L. Ed. 635; Rutledge v. McAfee, 72 Md. 28, 18 Atl. 1103; Aniel v. Hannah, 106 Ga. 91, 31 S. E. 734; Lund v. McCutchen, 83 Iowa, 755, 49 N. W. 998; Phifer v. Erwin, 100 N. C. 59, 74, 6 S. E. 672. The case of Parks v. Griffith, 117 Md. 494, 83 Atl. 559, and 123 Md. 233, 91 Atl. 581, relied on by appellants, recognizes the rule above stated.

Affirmed.