FREDERICK C. NUNNS and Others, Administrators, etc., of HARRY HILFMAN, Deceased, Plaintiffs, *v.* HELEN BEGUN, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, June 5, 1929.

*Max Silverstein*, for the plaintiffs.

*Abraham Feinstein*, for the defendant.

HAYES, J. Plaintiffs, as administrators, have sued the defendant for $350.91 on a promissory note made by defendant to the order of plaintiffs' intestate, which note became due and payable eighty days after date, to wit, on November 19, 1928.

The payee of the note, Harry Hilfman, plaintiffs' intestate, died October 28, 1928, before the note became due.

The only defense interposed is by way of a counterclaim which alleges that the defendant is the owner and holder of a promissory note of $301.85, made by the deceased on September 1, 1928, to the order of a person named Abraham Feinstein, and indorsed and delivered to the defendant herein, which said note was not due and payable until December 1, 1928.

The only question involved is whether defendant's note can be set off in view of the provisions of section 269 of the Civil Practice Act.

Plaintiffs contend that as the note held by the defendant became due and payable after the death of plaintiffs' intestate, it cannot be set up as a counterclaim. This would be true and the cases have so held, but only where the claim of the plaintiff is also one which has been due and payable before decedent's death. The wording in section 269, " as if the action had been brought by the decedent in his life-time," shows that the Legislature intended that the action brought by the plaintiff must have been one which could have been brought by the decedent in his lifetime.

In every case in which a counterclaim was not allowed pursuant to section 269 of the Civil Practice Act and under its predecessor, section 506 of the Code of Civil Procedure, the facts were that the action was brought on a debt payable before the decedent's death, and the counterclaim was based on a debt or claim which accrued subsequent to the decedent's death. There is absolutely no exception in the authorities. In none of these cases did the debt sued on by the plaintiff and the debt upon which the counterclaim was based accrue after the death of the decedent.

The only cases which throw any light on a state of facts similar to the facts in the case at bar are *Griggs* v. *Renault Selling Branch, Inc.* (179 App. Div. 845, 853) and *Patterson* v. *Patterson* (59 N. Y. 574, 586). In *Griggs* v. *Renault Selling Branch, Inc.*, which was an action brought on a contract, the claim of the plaintiff and the counterclaim set up by the defendant both accrued after the death of the plaintiff's intestate. It there was held that the counterclaim was not insufficient under section 506 of the Code of Civil Procedure, on the ground that there was no breach of the contract on which it is based, during the lifetime of the decedent, whom the plaintiff represented. Mr. Justice SHEARN, who wrote the prevailing opinion (at p. 853), says: " There is no merit in plaintiffs' contention that defendant's counterclaim is insufficient under section 506 of the Code since there was no breach during the lifetime of the deceased, because the plaintiffs' cause of action is likewise

not founded upon a breach during the lifetime of the deceased but accrued subsequently."

In *Patterson* v. *Patterson,* which was an action on a bond brought by the executrix of the holder of said bond, and which bond became due after the death of the said holder, it was held that the defendant could set off a debt which became due after the death of said testator.

Judge FOLGER, in his opinion (at p. 586), says: "As the cause of action against the defendant, arose after the death of the testator, and to the plaintiff, it appears that the two demands are mutual debts, respectively due to and from defendant, and to and from the plaintiff in the same capacity. This demand may therefore be set off."

It follows that the plaintiff is entitled to judgment against the defendant for the amount stated in the summons, less the amount of the defendant's counterclaim. Judgment accordingly.