Frank A. G-ulotta, J.
This is a motion for summary judgment in an action upon a written lease, to recover rent.
The lease is for 10 years commencing March 1, 1954, at $600 rent per month for the first 5 years, and $650 per month for the last 5 years.
The tenant is Irvmac Shoe Shops Inc., and the specified use of the premises is as a retail shoe store, but the store is actually occupied by National Shoes.
The lease contains the usual covenant against assignment or subletting in paragraph 4th, and whether the designation “National Shoes” is merely a name under which defendant operates stores, or whether it is a separate entity which is occupying the store in violation of the lease, is not disclosed.
The point is of more than casual interest, because defendant relies upon the continuance of a National Shoe Store in the premises after June 1, 1958, to support his contention, that he should be allowed to enforce an alleged oral agreement made with the landlord to reduce the rent to $450 per month from *816 June 1,1958 to March 1,1959, and to reduce it to $500 per month thereafter until the end of the lease. This would amount to a reduction of $150 per month for a little less than 6 years, since under the lease the rent was scheduled to go up $50 per month on March 1, 1959.
The defense which is attacked on this motion states in substance, that Mac Siegel, the treasurer of the defendant lessee corporation, in June, 1958 agreed orally with Jewell, the landlord, to the above reduction. That on June 24, 1958, he mailed a proposed written modification to J ewell, together with a check for $450 to cover the June rent; that on July 1 he mailed another check for $450 and that he heard nothing further until July 29, 1958, when he received a letter from the attorney for Jewell’s estate returning the checks and demanding the full rent, Jewell having died in the meantime on July 11.
It is the plaintiffs’ position that, since the lease contains a provision to the effect that it could not be changed or modified orally, under section 282 of the Real Property Law the agreement to reduce the rent is unenforcible because it was never signed by the landlord.
For the purpose of this motion we may assume that Jewell orally made the commitment ascribed to him by Mac Siegel, though his subsequent conduct is more consistent with his having agreed merely to take the matter under advisement, and that he died without having made up his mind- — -else why was he still holding the checks uncashed?
If this defense is to stand however, all we can ever have is defendant’s version of the agreement.
Ordinarily section 347 of the Civil Practice Act would prevent proof of such an agreement with a person now deceased, but I think that defendant is correct in his assertion that Mac Siegel is not an interested person within the meaning of that section, so as to disqualify him as a witness, where his position is that of an officer, but not a stockholder, of defendant corporation. (Griggs v. Renault Selling Branch, 179 App. Div. 845.)
However as to the merits of the defense itself, it seems to me that there has not been nearly enough performance to take this case out of the Statute of Frauds. Actually all we have is a tender of rent for two months at a reduced rate on a lease, which still had 69 months to run for a total difference of $10,350.
Cases arising under section 282 of the Real Property Law are not strictly speaking Statute of Frauds cases, since the need for the writing stems from the agreement of the parties, *817 although the statute specifies the legal effect of this clause once it is included in a written contract and gives to it the effect which the common law formerly gave to a seal on an instrument. On the other hand, in a true Statute of Frauds situation, such as section 242 and section 259 of the Beal Property Law, the need for a writing grows from the nature of the contract’s subject matter, and reflects the law’s policy of requiring a writing to dispose of interests in real property. Since under section 259 a lease for more than a year must be in writing; it follows, I think, that an agreement to change the rent in a lease that has six years to run, likewise needs a written memorandum. Therefore this agreement is invalid for this reason also and aside from its failure to conform to section 282.
I would assume that a part performance which would take a case out of the Statute of Frauds (§ 259) would likewise serve as a substitute for complying with section 282, but such performance in order to accord with the case law on this subject, must be ‘ ‘ unequivocally related ’ ’ to the oral agreement, so that the very performance which the promisee has completed, tends to prove the agreement. (Bright Radio Labs. v. Coastal Commercial Corp., 4 A D 2d 491.)
That is far from being the case here. It is not even too certain what the consideration moving from the defendant is supposed to have been. Certainly it could not have been paying only part of the rent. And if it was keeping National Shoes there for two months although they were not bound to do so, this would constitute but a small fraction of the performance required of them and a most picayune foundation on which to erect a six-year agreement.
Nor do I see any merit to the contention, that an estoppel arises against the plaintiff by reason of the nonperformance of the oral agreement. The adoption of such reasoning defeats the very purpose of the statute, if simply invoking it creates an automatic estoppel. There was no change of position here by the defendant in reliance upon the plaintiff’s promise, to its detriment, which is a prime requisite to justify the application of the equitable principle of estoppel.
Therefore the motion is granted.
Submit order directing clerk to enter judgment for the relief demanded in the complaint.